**BLANK ROME LLP**
*A Pennsylvania LLP*
Stephen M. Orlofsky
New Jersey Resident Partner
Philip N. Yannella
Thomas P. Cialino
300 Carnegie Center, Suite 220
Princeton, NJ 08540
Telephone: (609) 750-2646
Stephen.Orlofsky@BlankRome.com
Philip.Yanella@BlankRome.com
Thomas.Cialino@BlankRome.com
*Attorneys for Defendant, Cybo Company*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>CYBO COMPANY, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br><br>Defendants | Case No._____<br><br>State Court Docket No. MID-L-000898-24 |

### DEFENDANT'S NOTICE OF REMOVAL

### D.N.J. LOCAL CIVIL RULE 10.1 STATEMENT

The Plaintiffs in this action are Atlas Data Privacy Corporation, Jane Doe-1,

Jane Doe-2, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and

William Sullivan.

The address for Atlas Data Privacy Corporation is 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.

The addresses for the remaining Plaintiffs are unknown to Defendant, Cybo Company, which is filing this Notice of Removal.

Plaintiffs are represented by Rajiv D. Parikh, Victor Andreou, and Jessica Merejo of PEM Law LLP, 1 Boland Drive, Suite 101, West Orange, NJ 07052.

The Defendant in this action is Cybo Company, which is represented by Stephen M. Orlofsky, Phillip N. Yannella, and Thomas P. Cialino of Blank Rome LLP, 300 Carnegie Center, Suite 220 Princeton, NJ 08540.

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant, Cybo Company ("Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §1332(a), §1441(a) and §1446, hereby removes this action from the Superior Court of New Jersey, Middlesex County, Law Division to this Court. The grounds for removal are set forth herein.

## I.    SUMMARY OF PLAINTIFFS' ALLEGATIONS

### A.    Plaintiffs File the Action, the Superior Court Dismisses it For Lack of Prosecution, and it is Reinstated on June 4, 2025 after Plaintiffs File an Amended Complaint Against Defendant

1.    On February 8, 2024, Plaintiffs, Scott Maloney, Justyna Maloney, Patrick Colligan, William Sullivan, and Jane Does 1-2 (collectively, the "Individual Plaintiffs") and Atlas Data Privacy Corporation ("Atlas") (collectively with the

2

Individual Plaintiffs, "the Plaintiffs") commenced an action (the "Action") in the Superior Court of New Jersey, Law Division, Middlesex County (the "Superior Court") by filing a complaint (the "Complaint") against Allpeople.com. Copies of all of the documents that have been filed with the Superior Court in the Action are collectively attached hereto as **Exhibit A**.

2.      Because Plaintiffs had not effectuated service of process upon Allpeople.com or taken any other action to prosecute their claims, the Superior Court entered an Order dated August 26, 2024 dismissing the Action without prejudice for lack of prosecution. *See* Ex. A.

3.      Plaintiffs filed a Motion to Reinstate the Complaint and to Permit Alternative Service of Process on November 18, 2024 where they stated that they still had not effectuated service of process upon Allpeople.com and requested that the Superior Court reinstate the Action. *Id*.

4.      On December 11, 2024, the Superior Court entered an Order denying Plaintiffs' motion on the grounds that Plaintiffs had not made sufficient attempts to locate Allpeople.com. *Id*.

5.      After one of Defendant's principals learned that the Action had been filed, the undersigned counsel contacted Plaintiffs' counsel and stated that Defendant owns and operates Allpeople.com and that Allpeople.com is not a separate legal entity.

3

6.  The undersigned counsel further stated that he possessed the authority to accept service upon Defendant's behalf if Plaintiffs filed an amended complaint that substituted Defendant as a party in place of Allpeople.com.

7.  On May 21, 2025, Plaintiffs filed: 1) a First Amended Complaint that replaced Defendant as a party in place of Allpeople.com (the "Amended Complaint"); 2) an Acknowledgement of Service whereby the undersigned counsel accepted service of the Amended Complaint on Defendant's behalf; and 3) a Consent Order Reinstating Litigation whereby Plaintiffs and Defendant asked the Superior Court to reinstate the Action, confirmed that Defendant was served with process on May 21, 2025, and requested that Defendant have a deadline of June 20, 2025 to respond to the Amended Complaint (the "Consent Order").  *See* Ex. A.

8.  On June 4, 2025, the Superior Court approved the Consent Order.  *Id*.

**B.    Summary of the Allegations in the Amended Complaint**

9.  In the Amended Complaint, Atlas purports to be the "assignee" of the claims of approximately 18,533 "Covered Persons" under New Jersey's Daniel's Law, N.J.S.A. 47:1A-1, *et seq.*, and N.J.S.A. 56:8-166.1.  Amended Complaint at ¶28.

10.  In Count I of the Amended Complaint, Plaintiffs assert claims against Defendant for violations of N.J.S.A. 47:1A-1, *et seq.*, and N.J.S.A. 56:8-166.1, based

on a claimed failure to timely process requests to not "disclose" their addresses and/or unpublished telephone numbers. *See* Amended Complaint at ¶¶ 63-69.

11.    Plaintiffs allege that they are each entitled to recover from Defendant "actual damages, not less than liquidated damages under Daniel's Law, at '$1,000 for each violation,'" along with punitive damages; attorneys' fees, interest (pre-judgment and post-judgment), and litigation costs. *Id*. at p. 26.

12.    Plaintiffs also each allege that they are entitled to "injunctive relief" with respect to the "protected information" of each "Individual Plaintiff" and each unnamed "Covered Person." *Id*.

13.    Defendant removes the Action pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a), which confer original jurisdiction over this action and permit Defendant to remove the Action from the Superior Court to this Court.

## II.    THE STATUTORY REQUIREMENTS FOR REMOVAL UNDER DIVERSITY JURISDICTION HAVE BEEN MET

14.    This Court has diversity jurisdiction under 28 U.S.C. §1332(a) over this matter because the suit is between citizens of different states and the amount in controversy is more than $75,000.

### A.    Complete Diversity of Citizenship Exists Between the Parties

15.    For purposes of diversity jurisdiction, "citizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation" and "the place to which, whenever he is absent, he has the

5

intention of returning.'" *Freidrich v. Davis*, 767 F.3d 374, 378 (3d Cir. 2014) (internal citations omitted).

16.    Further, for purposes of diversity jurisdiction, a corporation is deemed to be a citizen of: (1) any state where it is incorporated and (2) the state in which it has its principal place of business. *See* 28 U.S.C. §1332(c)(1); *see also Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (stating that for the purposes of diversity jurisdiction, "[a] corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business").

17.    In the Amended Complaint, Atlas alleges that it is a Delaware corporation with an office located at 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.  *See* Amended Complaint at ¶27.

18.    Thus, for purposes of diversity jurisdiction, Atlas is a citizen of Delaware and New Jersey.

19.    Plaintiff Jane Doe-1 alleges in the Amended Complaint that she is a police officer "working in Northern New Jersey." *See* Amended Complaint at ¶18. As an active law enforcement officer, Plaintiff Jane Doe-1's primary residence must be in the State of New Jersey, as required by N.J.S.A. 52:14-7 and N.J.S.A. 40A:14-122.8. ("Every member of a police department and force shall be a resident of the State of New Jersey while serving in such position.").  Accordingly, Jane Doe-1 is a citizen of New Jersey for purposes of diversity jurisdiction.

004808.00001/152448047v.1

20.    Plaintiff Jane Doe-2 alleges that she is "a veteran correctional police officer who lives in Northern New Jersey." *Id.* at ¶19.    Thus, Jane Doe-2 has confirmed that she is a resident of New Jersey in accordance with N.J.S.A. 52:14-7 and N.J.S.A. 40A:14-122.8, which require active law enforcement officers to have a principal residence in the State of New Jersey.    As a result, Jane Doe-2 is a citizen of New Jersey for purposes of diversity jurisdiction.

21.    Plaintiffs, Scott Maloney and Justyna Maloney (collectively, "the Maloneys"), allege that they are "both veteran police officers currently serving with the Rahway, New Jersey Police Department" who "live together in New Jersey with their two young children." *Id.* at ¶20. Thus, the Maloneys have confirmed that they are residents of New Jersey in accordance with N.J.S.A. 52:14-7, which require all active law enforcement officers to have a principal residence in the State of New Jersey. As a result, the Maloneys are citizens of New Jersey for purposes of diversity jurisdiction.

22.    Plaintiff, Patrick Colligan ("Colligan"), alleges that he is a 32-year veteran of the Franklin Township, Somerset County, New Jersey police department and that he has served as the President of the New Jersey State Policeman's Benevolent Association since 2014. *Id.* at ¶24.    Pursuant to the New Jersey First Act, N.J.S.A. 52:14-7 (L. 2011, Chapter 70), all active law enforcement officers must

have their principal residence in the State of New Jersey.  Therefore, Colligan is a citizen of New Jersey for purposes of diversity jurisdiction.

23.    Plaintiff, Peter Andreyev ("Andreyev"), alleges that he is a 32-year veteran of the Point Pleasant, New Jersey police department and that he is the Executive Vice President of the New Jersey State Policeman's Benevolent Association. *Id*. at ¶25.  Pursuant to the New Jersey First Act, N.J.S.A. 52:14-7 (L. 2011, Chapter 70), all active law enforcement officers must have their principal residence in the State of New Jersey. Therefore, Andreyev is a citizen of New Jersey for purposes of diversity jurisdiction.

24.    Plaintiff, William Sullivan ("Sullivan"), alleges that he is an 18-year veteran of the New Jersey Department of Corrections and that he has served as the President of New Jersey PBA Local 105 since 2020. *Id*. at ¶26.  Pursuant to the New Jersey First Act, N.J.S.A. 52:14-7 (L. 2011, Chapter 70), all active law enforcement officers must have their principal residence in the State of New Jersey. Therefore, Sullivan is a citizen of New Jersey for purposes of diversity jurisdiction.

25.    Defendants, Richard Roes, 1-10 and ABC Corporations, 1-10, are identified in the Amended Complaint as "fictitious names of currently unknown individuals/entities that were also involved with the violations described in this Complaint who have not yet been identified."  *Id*. at ¶43.  As such, pursuant to 28 U.S.C. §1441(b)(1), the citizenship of these fictitious entities may be disregarded for

8

the purposes of establishing diversity jurisdiction.  *See e.g. Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 37 (3d Cir. 1985) ("[i]n determining whether diversity jurisdiction exists, the citizenship of purely 'nominal' parties may be disregarded"); *Brooks v. Purcell*, 57 Fed.Appx. 47, 50 (3d Cir. 2002) (disregarding the citizenship of defendants given "partially fictitious names" for diversity purposes); *Fabricant v. Intamin Amusement Rides Int. Corp. Est.*, No. 19-12900, 2019 WL 3315496, at *2 (D.N.J. July 24, 2019) ("[T]he citizenship of the[ ] fictitiously named Defendants does not destroy diversity jurisdiction.")

26.    Defendant is an Oregon corporation with a principal place of business located at 84451 Greengate Road, Florence, OR 97439.  Therefore, pursuant to 28 U.S.C. §1332(c)(1), Defendant is a citizen of Oregon for purposes of diversity jurisdiction.

27.    Because Plaintiffs are citizens of New Jersey and Delaware and Defendant is a citizen of Oregon, complete diversity of citizenship between the parties exists.

**B.    The Amount in Controversy is Satisfied**

28.    Generally, whether the amount in controversy requirement has been satisfied is determined from the face of the plaintiff's complaint. *Angus v. Shiley*, 989 F.2d 142, 145 (3rd Cir. 1993).

004808.00001/152448047v.1

29.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

30.    "Thus, the grounds for removal should be made in a short plain statement, just as required of pleadings under Fed. R. Civ. P. 8(a)." *Vaccaro v. Amazon.com.dedc, LLC*, No. CV 18-11852, 2019 WL 1149783, at *3 (D.N.J. Mar. 13, 2019) (internal citations omitted).

31.    While the Amended Complaint does not expressly seek a monetary judgment in a specific amount, it is apparent from the face of the Amended Complaint that the amount in controversy is well in excess of $75,000, exclusive of interest and costs.

32.    Namely, Atlas alleges it is entitled to recover damages for each of the approximately 18,533 unnamed Covered Persons, including its claim of $1,000 in actual/liquidated damages for each such individual. *See* Amended Complaint ¶55, p. 26 (Prayer for Relief).  Thus, with respect to the claims for actual/liquidated damages **alone**, Atlas claims an entitlement to damages of more than $18,000,000.00 million, which greatly exceeds the required $75,000 threshold.[1]

---

[1] Defendant is not conceding that any of the alleged violations of Daniel's Law exist and is only providing calculations based upon the face of the allegations set forth in the Amended Complaint.

33.    In addition to Atlas, seven Individual Plaintiffs assert claims against Defendant for alleged violations of Daniel's Law. *Id.* at ¶ 62. Daniel's Law states that the court may award "actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act." N.J.S.A. 56:8-166.1c(1).  Thus, the Individual Plaintiffs are seeking to recover at least $7,000.00 in damages.

34.    Daniel's Law also provides that a Court may award "punitive damages upon proof of willful or reckless disregard of the law." *See* N.J.S.A. 56:8-166.1c(2).

35.    Plaintiffs have asked the Court to award such damages for "willful noncompliance" with Daniel's Law, without limitation. *See* Amended Complaint at p. 26 (Prayer for Relief).

36.    Under New Jersey law, a plaintiff can seek punitive damages in amount up to "five times the liability of that defendant for compensatory damages or $350,000, *whichever is greater*." N.J.S.A. 2A:15-5.14b (emphasis added). Hence, the Individual Plaintiffs also are seeking in excess of $75,000.00 based on their claimed damages alone. *See, e.g.*, *Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554, 563 (D.N.J. 2009) (citing N.J.S.A. 2A:15-5.14(b) to note that New Jersey law allows punitive damages up to five times the amount of compensatory damages and noting as such in affirming the satisfaction of amount in controversy).

37.    The Individual Plaintiffs also are seeking to recover attorneys' fees and costs pursuant to N.J.S.A. 56:8-166.1c(3), and it is well-settled that attorneys' fees are considered part of the amount in controversy if they are authorized by statute. *See e.g. Jennings v. THS Group, LLC*, 2025 WL 1671932, at *4 (D.N.J. June 12, 2025) (including attorneys' fees when calculating amount in controversy; *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) ("attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action").

38.    In accounting for attorneys' fees when evaluating the amount in controversy, this Court has generally calculated the fees as 30% of the total judgment amount that the plaintiff sought.  *See e.g. Andrews v. Home Depot U.S.A., Inc.*, 2010 WL 5464303, at *3 (D.N.J. Dec. 29, 2010); *Smith v. HSN, Inc.*, 2021 WL 9315794, at *6 (D.N.J. Oct. 12, 2021).

39.    As outlined above, the Amended Complaint plausibly alleges that each of the Individual Plaintiffs are seeking to recover compensatory damages and punitive damages that greatly exceed the $75,000 threshold.  With that said, these amounts can also be increased by an additional 30%, thus further satisfying the claimed amount in controversy.

40.    Although Defendant expressly denies any suggestion that Plaintiffs are entitled to any relief, it is nonetheless clear that the amount in controversy

12

requirement for purposes of establishing diversity jurisdiction has been met given that Plaintiffs appears to seek several millions of dollars in relief.

## III.  <u>REMOVAL PROCEDURE</u>

41.    This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b) because it has been filed within thirty (30) days after Plaintiffs served Defendant with the Amended Complaint on May 21, 2025.

42.    Copies of all of the documents filed with the Superior Court are attached hereto as Exhibit A.

43.    A copy of the Superior Court's docket sheet is attached hereto as **Exhibit B**.

44.    A copy of the Notice of Filing of Notice of Removal, which will be timely filed with the Superior Court and served on Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d), is attached hereto as **Exhibit C**.

## IV.  <u>CONCLUSION</u>

45.    Based on the foregoing, the United States District Court for the District of New Jersey has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a), and this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

46.    By filing this Notice of Removal, Defendant does not waive, and expressly reserves, its rights to assert any and all defenses and/or objections to which it may be entitled.

47.    In addition, in the event that Plaintiff seeks to remand this case, or that this Court considers remand *sua sponte*, Defendant respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

**WHEREFORE**, Defendant, Cybo Company, respectfully removes this action now pending in the Superior Court of New Jersey, Law Division, Middlesex County to the United States District Court for the District of New Jersey.

## D.N.J. LOCAL CIVIL RULE 11.2 STATEMENT

Pursuant to Local Rule 11.2, the undersigned counsel, on behalf of Defendant, Cybo Company, certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: June 18, 2025

Respectfully submitted,

*/s/Stephen M. Orlofsky*
STEPHEN M. ORLOFSKY
**BLANK ROME LLP**
*A Pennsylvania LLP*
Stephen M. Orlofsky
New Jersey Resident Partner
Philip N. Yannella
Thomas P. Cialino
300 Carnegie Center, Suite 220
Princeton, NJ  08540
Telephone: (609) 750-2646
Facsimile: (609) 897-7286

14

Stephen.Orlofsky@BlankRome.com
Philip.Yanella@BlankRome.com
Thomas.Cialino@BlankRome.com
*Attorneys for Defendant*

Dated: June 18, 2025

15

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2025, the foregoing was filed electronically. Notice of this filing will be sent to the below listed attorneys of record by operation of this Court's electronic filing system. The parties may access this filing through the Court's system. A copy was also served via electronic mail:

**PEM LAW LLP**
Rajiv D. Parikh
Victor Andreou
Jessica A. Merejo
1 Boland Drive, Suite 101
West Orange, NJ 07052
rparikh@pemlawfirm.com
vandreou@pemlawfirm.com
jmerejo@pemlawfirm.com

*Attorneys for Plaintiffs Atlas Data Privacy Corporation, Jane Doe-1, a law enforcement officer, Jane Doe-2, a law enforcement officer, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan*

*/s/ Stephen M. Orlofsky*
STEPHEN M. ORLOFSKY

004808.00001/152448047v.1

# EXHIBIT A

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn (040161992)
494 Broad Street
Newark, New Jersey 07102
Tel.: (973) 533-0777
rparikh@genovaburns.com
keinhorn@genovaburns.com

*Attorneys for Plaintiffs Atlas Data Privacy Corporation, Jane Doe-1, a law enforcement officer, Jane Doe-2, a law enforcement officer, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev and William Sullivan*

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>        Plaintiffs,<br>    v.<br><br>ALLPEOPLE.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-_____-24<br><br>**<u>CIVIL ACTION</u>**<br><br>**COMPLAINT** |

Plaintiffs Atlas Data Privacy Corporation ("Atlas") as the assignee of individuals who are

Covered Persons under Daniel's Law along with Jane Doe-1 (a law enforcement officer), Jane

Doe-2 (a law enforcement officer), Scott Maloney, Justyna Maloney, Patrick Colligan, Peter

Andreyev, and William Sullivan (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby submit this Complaint against Defendants and state as follows:

## INTRODUCTION

1.     In these tumultuous times, it is critical that the most sensitive personal information of those who serve the public be protected from unwarranted disclosure.  As set forth below, Daniel's Law was passed unanimously by our Legislature to provide judges, law enforcement officers, and prosecutors – and their families – with the right to prevent the disclosure of their home addresses and unpublished home telephone numbers, and to enforce those rights against uncooperative profit-seeking data brokers.

2.     This complaint seeks to protect those important rights, against companies brokering data and choosing profit and personal gain over a critical public interest and the unequivocal mandate of the law.  Companies in the business of disclosing this protected information have avoided accountability for far too long, proffering such information, including home addresses and unpublished home telephone numbers, without sufficient regard for the risks and consequences imposed upon individuals who serve critical judicial and law enforcement roles.

3.     The Legislature and Governor unanimously agree that the basic safety of those who serve – and their families – must be assured.  Here, not only do the data brokers wantonly and repeatedly disregard the law, but they also demonstrate a callousness towards the well-being of those who serve.  Worse, data brokers like Defendants who operate the website at issue here, go to great lengths to mask the identities of the entity (or entities) and/or individuals responsible for operating these websites.  Our judges, law enforcement officers and prosecutors should receive the full measure of protection afforded to them under the same laws they enforce for the safety of all citizens.

4.      With this action, Plaintiffs seek to enforce the important rights granted to judges, law enforcement officers, and prosecutors under Daniel's Law.  Consistent with the statutory provisions, Atlas brings this action as an assignee for certain individuals, including many family members of law enforcement officers and prosecutors.  Plaintiffs seek all available injunctive relief and statutory damages, including to prevent any further disclosure by Defendants of information in violation of Daniel's Law.

## BACKGROUND

### Passage of Daniel's Law in New Jersey

5.      In July 2020, Daniel Anderl, the son of a New Jersey federal Judge, was shot dead by a gunman posing as a FedEx delivery man at the front door of the family's New Jersey home. Daniel, who was just age 20 and a rising junior in college, and who aspired to practice law like his parents, took a bullet to his chest trying to protect his parents.  By the time his mother, a Judge, came to the door to check on what happened, the killer was gone.  But her husband was critically wounded, and Daniel tragically died from the gunshot.

6.      During the investigation, the perpetrator was found to have certain political and personal grievances against the Judge, and went to their home that day intending to kill her. Instead, he murdered the Judge's son and almost succeeded in killing her husband as well. Investigators eventually connected this attack with another shooting of an attorney in California, who was similarly mortally gunned down answering the door to his residence to pick up a supposed package from the same disguised gunman.  Authorities concluded that the shooter was disgruntled over certain legal cases with similar political and legal issues to what was pending before Daniel's mother.

7.      Critically, the gunman was able to find the home addresses of both of his murder victims through the various people finder resources available on the internet,[1] the same kind of data broker services at issue in this case.

**New Jersey Passes Daniel's Law in 2020**

8.      In response to the shooting of Daniel, New Jersey enacted Daniel's Law within a few months, in November 2020 (P.L. 2020, c. 125 *codified in* N.J.S.A. 47:1A-1, et seq. and N.J.S.A 56:8-166.1), which prohibits online data brokers from selling, publishing, and distributing the name and address of current and former judges, law enforcement officers, and prosecutors and their eligible family members (i.e., "covered persons"), upon any written request by the covered person.  Law enforcement personnel are expressly covered by the statute, in full recognition that the public service they provide is no less dangerous or important than those of Judges and prosecutors.

9.      Any such covered person may request that a data broker not "disclose or re-disclose on the Internet or otherwise make available" their home addresses or unpublished home telephone numbers.  Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."  Data brokers must cease disclosure of this protected information within 10 business days of receiving a nondisclosure request from a covered person.

---

[1] https://www.cbsnews.com/news/esther-salas-son-murder-roy-den-hollander-48-hours/.

**Congress Passes Daniel Anderl Judicial Security and Privacy Act in 2022**

10.     Similar to the actions taken by the State of New Jersey, federal judges such as U.S. Supreme Court Chief Justice John G. Roberts Jr. proposed and supported a federal version of Daniel's Law.  The Chief Justice was quoted stating, "[t]he law requires every judge to swear an oath to perform his or her work without fear or favor, but we must support judges by ensuring their safety … [a] judicial system cannot and should not live in fear."[2]

11.     The federal bill, which had broad bipartisan support in both the House and Senate, protected judges' personally identifiable information from resale by data brokers.  It allowed federal judges to redact their personal information displayed on federal government internet sites.

12.     The U.S. Senate voted 83-11 to pass the annual defense authorization bill, with the Daniel Anderl Judicial Security and Privacy Act attached,[3] and it was signed by President Biden.[4]

**Violence Against Police Officers and Judges Has Not Stopped**

13.     Judges, law enforcement officers, and prosecutors put their lives on the line every day, which is clearly exhibited by numerous horrific stories of violence beyond the story of the murder of Daniel Anderl.  For example, in 2020, three shooters openly fired upon the Camden home of two New Jersey police officers and their 10-day old infant.  That the officers were constantly involved in the community doing good afforded them no safety from the perpetrators.[5]

---

[2] https://www.washingtonpost.com/politics/2022/12/31/supreme-court-roberts-leak-report/.
[3] https://www.uscourts.gov/news/2022/12/16/congress-passes-daniel-anderl-judicial-security-and-privacy-act.
[4] https://www.nj.com/politics/2022/12/biden-signs-defense-policy-bill-that-remembers-3-new-jerseyans.html.
[5] Shooters Open Fire On Home Of New Jersey Police Officers In 'Targeted Attack,' Chief Says (forbes.com).

14. More recently, another perpetrator hunted and killed in cold blood a Maryland Judge, after a child custody ruling.[6]  The killing followed that of a Wisconsin Judge in 2022, where the perpetrator killed the retired Judge out of spite for his handling of a criminal case in 2005.[7]

## THE PARTIES

### The Individual Plaintiffs

15. Plaintiff JANE DOE-1, whose name has been anonymized for safety reasons, is a decorated veteran police officer working in Northern New Jersey.  Between 2021 and 2022, Officer Doe-1 participated in a task force that targeted a major criminal organization operating in the state.  Her efforts ultimately led to the arrest and prosecution of a member of the organization's leadership, an individual with an extensive criminal history including threats of violence.  In the subsequent investigation, digital devices recovered from the organization's leadership were analyzed and photographs of Officer Doe-1's personal residence were identified.  Officer Doe-1 lives in the home with her spouse and their young child.  Evidence recovered in the investigation included night-time photography of the young child's bedroom and playroom windows, with the light on while the child was playing inside.  Further investigation revealed that the criminal organization's leadership had hired a private investigator who searched online data broker websites to obtain the officer's home address.  Having identified her home address, text messages confirmed that they had initiated surveillance and were tracking Officer Doe-1's movements to and from her home, immediately prior to the task force initiating arrests.

---

[6] Judge Andrew Wilkinson: Suspect still on the run after killing a judge at his home in a 'targeted attack' following a child custody ruling, sheriff says | CNN.
[7] Former Judge John Roemer was killed in his Wisconsin home in a targeted attack, officials say | CNN.

16.     Plaintiff JANE DOE-2, whose name has been anonymized for safety reasons, is a veteran correctional police officer who lives in Northern New Jersey with her husband and two young children.  Earlier in her career, Officer Doe-2 was the subject of a death threat from a hostile inmate.  The inmate stated that they intended to kill Officer Doe-2, and further implied that they would rely upon a particular private investigator to track down Officer Doe-2's home address to facilitate the murder.  This death threat was investigated and considered credible enough to result in a successful criminal prosecution.  Part of Officer Doe-2's current duties include working in her correctional facility's law library, where inmates have access to the Internet including online data broker websites and services.  Recently Officer Doe-2 and her coworkers discovered a note left behind by an inmate which included the full name and home address of a young female member of the jail's administrative staff.  The most effective ways to safeguard the security and privacy of their home addresses - for their own safety and that of their family members - is a frequent topic of discussion and concern among the correctional police officers working at Officer Doe-2's facility.

17.     Plaintiffs Sergeant SCOTT MALONEY ("Sergeant Maloney") and Officer JUSTYNA MALONEY ("Officer Maloney") are husband and wife, both veteran police officers currently serving with the Rahway, New Jersey Police Department.  They live together in New Jersey with their two young children.  In April of 2023, Officer Maloney responded to a routine call of a suspicious individual outside the Motor Vehicle Commission in Rahway.  The individual was an online content creator who often solicits police contact and then films himself debating constitutional rights with the responding officers.  A subset of the content creator's audience is vocally anti-police and videos posted to his social media channel have historically been the source of harassment and intimidation campaigns directed at the officers involved.  In this case, Officer

7

Maloney and several other responding officers were filmed discussing a number of legal issues with the content creator, including whether or not the content creator was required to take his hands out of his pockets to show that he was unarmed.  Overall, the encounter was routine and ended uneventfully.

18.     The resulting video footage was selectively edited and posted to YouTube.  Almost immediately upon the video being posted, Officer Maloney was targeted by followers of the channel and other individuals who viewed the video.  Sergeant Maloney was quickly identified by viewers as Officer Maloney's husband, and became a target himself, due to their relationship as a married couple and his own status as a police officer.  Web links to data broker websites publicly disclosing the Maloney family's home address and unpublished home telephone numbers were posted along with explicit death threats and calls for violence, resulting in dozens of threatening phone calls and text messages.

19.     One of the text messages sent to Sergeant Maloney demanded money and stated that if Sergeant Maloney did not comply then his family would "pay in blood."  The unknown messenger went on to state that they knew where the Maloneys lived and sent the full name and home address of one of the Maloneys' nearby relatives as proof of the messenger's ability to gather sensitive personal information.  Sergeant Maloney refused to comply with any demands.  He then received a video of three individuals in ski masks armed with handguns and assault rifles repeating the extortion demand.  In part of the video, a masked individual points a rifle at the camera and tells Sergeant Maloney that his family is "going to get [their] heads cut off."

20.     Several weeks later, one of the Maloneys' neighbors observed two suspicious looking individuals in ski masks parked one block away from the home and alerted police.  Responding officers arrested two men - who were armed - for unlawful possession of a

firearm.  Video surveillance captured by nearby houses shows the two men circling the Maloneys'

house immediately prior to their arrest.  Officer Maloney and her two young children were at home

at the time.

21.     Plaintiff Detective PATRICK COLLIGAN is a 32-year veteran of the Franklin

Township police department in Somerset, New Jersey.  Since 2014, Detective Colligan has served

as the President of the New Jersey State Policemen's Benevolent Association, representing more

than 33,000 active law enforcement officers throughout the state.  During the course of his law

enforcement career, he has received numerous threats of violence targeted at him and his family

as a result of his public service.  The seriousness of certain threats necessitated the installation of

a surveillance camera system and alarm system, and training for his spouse and children about

how to respond in the event of an attack on their home.

22.     Plaintiff Officer PETER ANDREYEV is a 32-year veteran of the Point Pleasant,

New Jersey police department.  Officer Andreyev currently services as the Executive Vice

President of the New Jersey State Policemen's Benevolent Association, representing more than

33,000 active law enforcement officers throughout the state.  During the course of his law

enforcement career, he has received numerous threats of violence targeted at him and his family

as a result of his public service.  Officer Andreyev has counseled many other officers who have

been the target of violent threats on ways to protect themselves and their family members from

harm. whose protected information has been discovered and has responded to specific incidents

where protected information was used by ex-inmates to threaten, harass, or intimidate fellow

officers.

23.     Plaintiff Officer WILLIAM SULLIVAN is an 18-year veteran of the New Jersey

Department of Corrections.  Since 2020, Officer Sullivan has served as the President of New Jersey

PBA Local 105, the labor union representing thousands of correctional police officers from the New Jersey Department of Corrections, the Juvenile Justice Commission, and State Parole. During the course of his law enforcement career, he has received numerous threats of violence directed at him and his family as a result of his public service. Inmates incarcerated within New Jersey's state prisons frequently attempt to discover the protected information of correctional officers working in their facility. These attempts and the risks posed by such information being accessible on the Internet is a frequent topic of discussion and concern among correctional officers and their family members. Officer Sullivan has counseled many officers whose protected information has been discovered and has responded to specific incidents where protected information was used by ex-inmates to threaten, harass, or intimidate fellow officers.

**Plaintiff Atlas and its Assignors**

24.     Plaintiff ATLAS DATA PRIVACY CORPORATION is a Delaware corporation, with offices at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.

25.     As permitted under Daniel's Law, Atlas asserts claims against Defendants as the assignee of the claims of approximately 18,533 individuals who are all "covered persons" under Daniel's Law (together, the "Covered Persons"), including a significant number of individuals who are family members of judges, law enforcement officers, and prosecutors.

26.     The Covered Persons include individuals who reside, work or had previously resided or worked in New Jersey, and qualify as "covered persons" as that term is defined under Daniel's Law, each of whom have claims against Defendants for failing to comply with Daniel's Law.

27.     As set forth in more detail below, the Covered Persons (as well as the Individual Plaintiffs) each exercised their rights under Daniel's Law by sending Defendants a written notice

requesting that Defendants cease disclosing or re-disclosing on the Internet or otherwise making available their protected information on one or more of Defendants' websites or through other methods of disclosure.

28.     Defendants have not complied with the law by ceasing the disclosure or re-disclosure on the Internet or the otherwise making available of protected information as required under Daniel's Law for each of the Covered Persons (as well as each of the Individual Plaintiffs) as required by the law.

29.     In accordance with Daniel's Law, each of the Covered Persons has assigned their rights for claims thereunder against Defendants to Atlas.

30.     Atlas provides an online platform, including an email service named AtlasMail, to law enforcement officers, prosecutors, judges, and other covered persons.  Atlas works with and provides access to its platform to members of the New Jersey State Policemen's Benevolent Association, the Metropolitan Transportation Authority Police Benevolent Association, New Jersey PBA Local 105, and the New Jersey State Troopers Fraternal Association, among others. The goal of these unions and associations, since the first passage of Daniel's Law in November 2020, was to increase the safety and well-being of their members and associated households by helping those members to understand and assert the rights provided to them by the law.

31.     Upon signing up for Atlas, a law enforcement officer or other Covered Person is asked a series of questions to collect required personal information and qualify their eligibility as a Covered Person under Daniel's Law.  Once eligibility is confirmed, they are shown a page explaining how the Atlas platform works:

## How Atlas Works

Daniel's Law allows you to send takedown notices to data brokers requesting that they not disclose or redisclose your home address or phone number. Atlas provides you with tools and services to help make the process more efficient.

1   **We identify** data brokers that may be disclosing your personal information. As of January 2024, our system tracks over 1,000 data brokers who operate in the United States.

2   **You select** the data brokers to whom you want to send takedown notices. We have lists of data brokers that we recommend, in order to make the selection process easier and more efficient. Alternatively, you can select recipients individually.

3   **You review** takedown notice templates. AtlasMail provides you with templates for takedown notice emails.

4   **You send** takedown notices. Your Atlas service includes an AtlasMail email address. You can use this email address to send takedown notices. More information about AtlasMail will be on the next screen.

**Back**                                                    **Next**

32.    AtlasMail is an email service operated by Atlas.  Upon signing up with Atlas, each law enforcement officer or other Covered Person receives their own AtlasMail account, with a unique inbox address (e.g. john.doe23@atlasmail.com) for their personal use.  A description of AtlasMail and more information about how the email service works are provided on a page during the signup process:

## How AtlasMail Works

Daniel's Law allows you to send takedown notices to data brokers requesting that they not disclose or redisclose your sensitive personal information.

Atlas has created an email service, called **AtlasMail**, for its members to use for this purpose.

✓  Upon completing this signup process, a new email account will be created for your personal use. It will be:
   **john.doe23@atlasmail.com**

✓  You can access this email account from within the Atlas web application.

✓  This email account belongs to you and you can use it however you want, within certain anti-spam and similar limitations imposed by our terms of service.

Back                                                                          Next

33.     Having provided personal information, confirmed their eligibility for Daniel's Law, and progressed through several pages explaining the functions of Atlas as a platform and AtlasMail as an email service, the law enforcement officer or other Covered Person is then presented with a page on which they can review their home addresses and unpublished home telephone numbers, a takedown notice template, and a recommended list of data brokers to send notices to.  On this page the law enforcement officer or other Covered Person can choose whether or not to send takedown notices.  If they choose not to send takedown notices to the recommended list, they can select individual recipients at a later page (as shown in the example copied below).  Here, each of the Individual Plaintiffs and Covered Persons sent Defendants a takedown notice.

13



34.     Any reply or response back from a data broker to the law enforcement officer or other Covered Person is received and displayed in their AtlasMail inbox.  AtlasMail is a fully featured email service provider, and its users can reply, forward, or use their AtlasMail account as they would any other email account:





35.     With this lawsuit, Atlas seeks to enforce compliance with Daniel's Law for those Covered Persons.  This lawsuit seeks to protect their privacy without unnecessarily putting those individuals in the spotlight.  Atlas will work with the Court and Defendants to implement a protective order to then provide Defendants with the assignments and other information for each of the Covered Persons.

**Defendants**

36.     Allpeople.com is a website operated by defendants ABC Companies and/or Richard Roes, an unknown entity (or entities) and/or individuals, that discloses or re-discloses on the Internet or otherwise makes available the home addresses and/or unpublished home telephone numbers of covered persons (the "Website").  Following a reasonably diligent investigation and

based on the information available to Plaintiffs at this time, Plaintiffs are unable to identify the entity (or entities) and/or individuals responsible for operating the Website.  Plaintiffs are in the process of working with the domain name registrar of the Website to identify the entity (or entities) and/or individuals responsible for operating the Website in violation of Daniel's Law. Plaintiffs will amend this Complaint by identifying these fictitiously named defendants upon receipt of information sufficient to identify the entity (or entities) and/or individuals responsible for operating the Website.

37.      Defendants Richard Roes 1-10 and ABC Companies 1-10 (collectively with the defendants identified above referred to as the "Defendants") are fictitious names of currently unknown individuals/entities that were also involved with the violations described in this Complaint who have not yet been identified in part due to what appears to be intentional efforts by data brokers to conceal the specific entities involved and responsible for the disclosure of data and information, and individuals responsible for Defendants failures to comply with the law.

38.      Defendants offer and engage in the disclosure of data and information through one or more websites or applications, or otherwise in New Jersey, and to businesses and individuals who operate or reside in New Jersey.  Those websites include:

allpeople.com

39.      In accordance with Defendants' business model, visitors, users, or customers may obtain a name and home address and/or a name and unpublished home telephone number (including the name and address and/or unpublished home telephone number of the Individual

Plaintiffs and Covered Persons).  The following is a redacted example of the detailed information provided by Defendants,[8] in violation of Daniel's Law:



---

[8] Consistent with the mandate of Daniel's Law and the public policy considerations underpinning <u>Rule</u> 1:38-7, personal information in the search results has been redacted from the exemplar screenshots included herein.



40.     Daniel's Law was passed to protect those who serve from the disclosure of this protected information by such services, which disclose such information of the Individual Plaintiffs and Covered Persons for their own commercial interests, without sufficient regard to the risks and consequences imposed on individuals.

## JURISDICTION AND VENUE

41.     This Court has jurisdiction because the parties reside and/or conduct business in New Jersey, along with the Covered Persons, and the unlawful actions complained of herein occurred in New Jersey.

42.     Venue is proper pursuant to R. 4:3-2, in that Middlesex County is the county in which one or more of the parties and/or Covered Persons reside and/or conduct business.  In addition, many of the events giving rise to this action occurred in this County.

## FACTS COMMON TO ALL COUNTS

43.     As set forth above, New Jersey enacted Daniel's Law in November 2020 (P.L. 2020, c. 125 *codified as* N.J.S.A. 47:1A-1, et seq. and N.J.S.A. 56:8-166.1).

44.     Daniel's Law prohibits data brokers from disclosing or re-disclosing on the Internet or otherwise making available the home addresses or unpublished home telephone numbers of covered persons as defined in the law, upon a written request by those individuals.

45.     Upon notification, and no later than 10 business days after receipt, a data broker must not disclose or re-disclose on the Internet or otherwise make available the home addresses or unpublished home telephone numbers of the covered person.

46.     This includes a mandate that within 10 business days of receiving a nondisclosure request, the data broker shall not disclose the protected information of the covered person. Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

47.      Daniel's Law was amended in 2023, as P.L. 2023, c. 113.  The amendment was passed unanimously by the Assembly on May 25, 2023, by the Senate on June 20, 2023, and was thereafter signed by the Governor on July 20, 2023.

48.     Certain provisions of the amended law, including changes to N.J.S.A. 56:8-166.1, went into effect immediately.

49.     As of July 20, 2023, Daniel's Law as codified in N.J.S.A. 56:8-166.1 provided:[9]

3.a. (1) Upon notification pursuant to paragraph (2) of this subsection, and not later than 10 business days following receipt thereof, a person, business, or association

---

[9] https://pub.njleg.state.nj.us/Bills/2022/PL23/113_.PDF

20

shall not disclose or redisclose on the Internet or otherwise make available, the home address or unpublished home telephone number of any covered person, as defined in subsection d. of this section.

b. A person, business, or association that violates subsection a. of this section shall be liable to the covered person, or the covered person's assignee, who may bring a civil action in the Superior Court.

c. The court shall award:

> (1) actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act;

> (2) punitive damages upon proof of willful or reckless disregard of the law;

> (3) reasonable attorney's fees and other litigation costs reasonably incurred; and

> (4) any other preliminary and equitable relief as the court determines to be appropriate.

d.  For the purposes of this section:

> …"Disclose" shall mean to solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

50.    Starting on or about December 29, 2023, each of the Individual Plaintiffs and all of the Covered Persons (who assigned claims to Atlas) sent Defendants written nondisclosure requests (via email) in accordance with Daniel's Law, using AtlasMail.

51.    For example, a true and correct copy of the email directly from Plaintiff Andreyev (with personal information redacted) is pasted here:

## Data Subject Request – Redaction/nondisclosure Request

| | |
|---|---|
| To | webmaster@allpeople.com |
| From | Peter Andreyev <​███████████@atlasmail.com> |
| Date | Fri, Dec 29, 2023 4:13 PM |

Allpeople
December 29, 2023

To Whom It May Concern:

I am a "Covered Person" as defined by New Jersey law P.L. 2023, c.113, P.L.2021, c.371 (as amended, the "Act"). Pursuant to the Act and Section 3 of New Jersey P.L.2015, c.226 (C.56:8-166.1) (as amended), I hereby request that you not disclose or re-disclose on the Internet or otherwise make available, the following protected information:

Name: Peter Andreyev

Home Address: ████████████████████████

Sincerely,
Peter Andreyev

---

52.     Defendants failed to cease the disclosure or re-disclosure on the Internet or the otherwise making available of the protected information of the Individuals Plaintiffs and Covered Persons within the time period required by Daniel's Law.

53.     Even as of the date of this filing, Defendants still refuse to comply with Daniel's Law.  Protected information of the Individual Plaintiffs and those Covered Persons who assigned Atlas their Daniel's Law claims against Defendants remains available from Defendants using Defendants' search tools or other means of disclosure.

54.     All of the Covered Persons who sent their nondisclosure requests to Defendants (not including the Individual Plaintiffs) have assigned their claims against Defendants to Atlas.

55.     The Individual Plaintiffs and Atlas hereby assert claims against Defendants based on their violation of Daniel's Law and continuing refusal to comply with that law.

## COUNT ONE

### (Daniel's Law)

56.     The allegations of the Complaint set forth above are included herein as if set forth at length.

57.     The Individual Plaintiffs and Covered Persons transmitted notice in writing to Defendants requesting that Defendants cease disclosure of their home address and/or unpublished home telephone number and cease its disclosure or re-disclosure on the Internet or wherever Defendants otherwise made it available.

58.     Defendants had an obligation under Daniel's Law to comply with the request within ten (10) business days.

59.     As of the date of this filing, Defendants still refuse to comply with Daniel's Law. The protected information (including home addresses and/or unpublished home telephone numbers) of the Individual Plaintiffs and the Covered Persons remains "available or viewable within a searchable list or database" or otherwise made available.

60.     Defendants did not cease the disclosure or re-disclosure on the Internet or the otherwise making available of information as required under Daniel's Law, and their failure in doing so each constitute a separate violation under the law.

61.     As a result of Defendants' failures to comply with Daniel's Law, Plaintiffs have suffered damages, and request all available relief.

62.     As of the date of this filing, Defendants still refuse to comply with Daniel's Law. The protected information of the Individual Plaintiffs and the Covered Persons remains disclosed

or otherwise made available despite proper requests for nondisclosure in violation of Daniel's Law. As such, Plaintiffs request that the Court enter all appropriate legal and equitable relief.

WHEREFORE, Plaintiffs request that Judgment be entered against Defendants as follows:

A. Ordering that Defendants immediately comply with Daniel's Law, and cease the disclosure of the Individuals Plaintiffs' and the Covered Persons' names, home addresses, and unpublished home telephone numbers wherever disclosed or re-disclosed on the Internet or otherwise made available;

B. Awarding actual damages, not less than liquidated damages under Daniel's Law, at "$1,000 for each violation";

C. Awarding an additional amount in punitive damages, to be determined by the Court, for "willful noncompliance" as allowed under Daniel's Law;

D. Awarding reasonable attorneys' fees, interest (pre and post judgment) and litigation costs incurred;

E. Ordering injunctive relief requiring that Defendants comply with Daniel's Law, and remove the Individual Plaintiffs' and the Covered Persons' protected information wherever disclosed;

F. Entering equitable or other permanent injunctive relief requiring Defendants to comply with Daniel's law, including the appointment of a qualified independent expert to ensure that Defendants prospectively maintain compliance with Daniel's Law;

G. Entering equitable or other permanent injunctive relief requiring Defendants to surrender and relinquish the Website to the ownership and control of Atlas; and

H. Awarding such other and further relief against Defendants as the Court deems equitable and just.

Respectfully Submitted,

**GENOVA BURNS LLC**

Dated: February 8, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh
Kathleen Barnett Einhorn
494 Broad Street
Newark, New Jersey 07102
Tel: (973) 533-0777

*Attorneys for Plaintiffs*


**MORGAN & MORGAN COMPLEX
LITIGATION GROUP**
John A. Yanchunis
Ryan J. McGee
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@ForThePeople.com
rmcgee@ForThePeople.com

(*pro hac vice motions to be filed*)

## <u>DESIGNATION OF TRIAL COUNSEL</u>

The Court is advised that pursuant to New Jersey Court Rules 4:5-1(c) and 4:25-4,

Rajiv D. Parikh, Esq. is hereby designated as trial counsel for Plaintiffs in this matter.


**GENOVA BURNS LLC**

Dated: February 8, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh, Esq.

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to R. 4:5-1, it is hereby stated that the matter in controversy between the parties hereto is not the subject of any other action pending in any other Court or of a pending arbitration proceeding to the best of my knowledge and belief.  Also, to the best of my knowledge and belief, no other action or arbitration proceeding between the parties hereto is contemplated.  Further, other than the parties set forth in this pleading and the previous pleadings, if any, at the present time we know of no other parties that should be joined in the within action.

**GENOVA BURNS LLC**

Dated: February 8, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh, Esq.

## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

Pursuant to Rule 1:38-7(b), it is hereby stated that all confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future.

**GENOVA BURNS LLC**

Dated: February 8, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh, Esq.

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633

                                        TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   FEBRUARY 08, 2024
                        RE:     ATLAS DATA PRIVACY C ORPORATIO  VS ALLPEOPLE.COM
                        DOCKET: MID L -000898 24


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.


     DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.


     THE PRETRIAL JUDGE ASSIGNED IS:  HON MICHAEL V. CRESITELLO JR


      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     004
AT:  (732) 645-4300 EXT 88905.


     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                             ATT: RAJIV D. PARIKH
                             GENOVA BURNS LLC
                             494 BROAD ST 6TH FL
                             NEWARK          NJ 07102


ECOURTS



Genova Burns LLC
494 Broad Street, Newark, NJ 07102
**Tel:** 973.533.0777  **Fax:** 973.814.4045
**Web:** www.genovaburns.com

Rajiv D. Parikh, Esq.
Partner
Member of NJ and NY Bars
rparikh@genovaburns.com
Direct:  973-535-4446

March 19, 2024

**VIA ECOURTS**

The Honorable John D. O'Dwyer, P.J.Cv.
Bergen County Justice Center
10 Main Street, Floor 3
Hackensack, NJ 07601

The Honorable Lourdes Lucas, J.S.C.
Monmouth County Courthouse
71 Monument Park, PO Box 1266, 2nd Floor
Freehold, NJ 07728

The Honorable Douglas H. Hurd, P.J.Cv.
Mercer County Civil Courthouse
175 South Broad Street, Floor 3
Trenton, NJ 08650

The Honorable Joseph L. Rea, J.S.C.
Middlesex County Courthouse
56 Paterson Street, PO Box 964, 4th Floor
New Brunswick, NJ 08903

The Honorable Marcy M. McMann, J.S.C.
Records and Administration Building
Court Street, 4th Floor
Morristown, NJ 07963

> **Re:** **Atlas Data Privacy Corporation, et al. v. Enformion, LLC, et al.,**
> **Docket No.: BER-L-767-24**
> **Atlas Data Privacy Corporation, et al. v. PIPL, Inc. et al.,**
> **Docket No.: MON-L-481-24**
> **Atlas Data Privacy Corporation, et al. v. Whitepages, Inc., et al.,**
> **Docket No.: MER-L-270-24**
> **Atlas Data Privacy Corporation, et al. v. NJ Property Records, LLC, et al.,**
> **Docket No.: MID-L-811-24**
> **Atlas Data Privacy Corporation, et al. v. Melissa Data Corp., et al.,**
> **Docket No.: MRS-L-224-24**

Dear Judge:

　　We write on behalf of the Plaintiffs in the above referenced matters and the matters in the enclosed notices of motion. Plaintiffs' motions to consolidate all Daniel's Law actions filed by Plaintiffs on March 12, 2024 in Bergen County, Monmouth County, Mercer County, Middlesex County, and Morris County are currently returnable on March 28, 2024 (the "Motions").

Newark, NJ  ▪  New York, NY  ▪  Lambertville, NJ  ▪  Philadelphia, PA  ▪  Jersey City, NJ  ▪  Basking Ridge, NJ



The Honorable John D. O'Dwyer, P.J.Cv.
The Honorable Douglas H. Hurd, P.J.Cv.
The Honorable Marcy M. McMann, J.S.C.
The Honorable Lourdes Lucas, J.S.C.
The Honorable Joseph L. Rea, J.S.C.
March 19, 2024
Page 2 of 2

     To preserve judicial resources and alleviate the burden on courts with filing approximately one-hundred and fifty (150) motions to consolidate across five (5) counties, Plaintiffs filed one (1) consolidation motion in the first action filed in the aforementioned counties. Plaintiffs are hopeful that Defendants will likewise file any opposition(s) under these dockets to reduce the total number of communications and/or motion papers filed by counsel and reduce the burden on the courts.

     Since filing the Motions, Plaintiffs' counsel have emailed numerous counsel who had advised via email that they represent Defendants in these actions, providing the identified defense counsel with a courtesy copy of Plaintiffs' motion to consolidate. It appears that most of those counsel have not yet filed notices of appearance with the courts, and Plaintiffs' counsel are hopeful that they do that soon to provide for a more streamlined notification process going forward.

     Counsel for a number of the Defendants have requested an adjournment of the pending motions to consolidate.

     In an effort to accommodate the adjournment requests from Defendants' counsel, and to provide an additional opportunity for counsel and any non-represented Defendants to review and respond to Plaintiffs' motions to consolidate and respond thereto, Plaintiffs are willing to adjourn the motions one (1) motion cycle.

     Plaintiffs respectfully request an adjournment of the motions from March 28, 2024 to April 12, 2024. Plaintiffs also respectfully propose and request that any opposition(s) by Defendants must be filed on or before April 1, 2024, and any reply brief(s) by Plaintiffs must be filed on or before April 8, 2024. As noted, Plaintiffs are hopeful that Defendants will coordinate with regards to any opposition(s), to reduce the burden on the courts.

     Thank you for your time and attention to this matter.

                        Respectfully submitted,

                        **GENOVA BURNS LLC**

                        s/Rajiv D. Parikh

RDP/JJB:lq                 RAJIV D. PARIKH
17480522(25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000767-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| ENFORMION, LLC, ENFORMION HOLDCO INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | **NOTICE OF MOTION TO CONSOLIDATE** |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000768-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| MYLIFE.COM, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000769-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |

| | |
|---|---|
| SOCIAL CATFISH, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
|         Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000770-24 |
|         Plaintiffs, | **CIVIL ACTION** |
| v. | |
| COSTAR GROUP, INC., COSTAR REALTY INFORMATION, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
|         Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000771-24 |
|         Plaintiffs, | **CIVIL ACTION** |
| v. | |
| SCALABLE COMMERCE, LLC, NATIONAL DATA ANALYTICS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
|         Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000772-24 |
|         Plaintiffs, | **CIVIL ACTION** |
| v. | |

INTELAGE SYSTEMS CORP., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,

        Defendants.

---

ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,

        Plaintiffs,

v.

CORELOGIC, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,

        Defendants.

| SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000773-24 |

**<u>CIVIL ACTION</u>**

---

ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,

        Plaintiffs,

v.

BOUNDARY SOLUTIONS, INCORPORATED, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,

        Defendants.

SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000793-24

**<u>CIVIL ACTION</u>**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000794-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| SWORDFISH AI INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000810-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| TRANSUNION, LLC, NEUSTAR, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000811-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| GREENFLIGHT VENTURE CORP., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000812-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| LABELS & LISTS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000813-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| ONXMAPS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000814-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| LUSHA SYSTEMS INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000815-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| UNMASK LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000818-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| MAPRIGHT INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000819-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| PRECISELY HOLDINGS LLC, PRECISELY SOFTWARE INC., PRECISELY SOFTWARE LTD., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>DELUXE CORPORATION, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>                Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000821-24<br><br><u>**CIVIL ACTION**</u> |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and PETER ANDREYEV<br><br>                Plaintiffs,<br><br>v.<br><br>SYNC.ME TECHNOLOGIES, LTD., SYNC.ME LTD, RICHARD ROES 1-10,<br>fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>                Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000822-24<br><br><u>**CIVIL ACTION**</u> |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, and PETER ANDREYEV,<br><br>               Plaintiffs,<br><br>      v.<br><br>OFFICIALUSA.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>            Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000849-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>          Plaintiffs,<br><br>v.<br><br>E-MERGES.COM INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>           Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000854-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>      Plaintiffs, <br><br> v. <br><br> MAIN STREET RESPONSE LLC, DBA ID TRUE, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000855-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>      Plaintiffs, <br><br> v. <br><br> YARDI SYSTEMS, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000856-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000866-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| NATIONAL SEARCH ASSOCIATION CORP, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000867-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| ATDATA, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000868-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| CLARITAS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>                Plaintiffs, <br><br> v. <br><br> SAGEWIRE RESEARCH, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>                Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000869-24 <br><br> **<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>                Plaintiffs, <br><br> v. <br><br> GOHUNT, LLC, GOHUNT MANAGEMENT HOLDINGS, LLC, GOHUNT MANAGEMENT HOLDINGS II, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>                Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000870-24 <br><br> **<u>CIVIL ACTION</u>** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000871-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| RE/MAX, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000872-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| INFOMATICS LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000873-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| ROCKETREACH LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ZILLOW, INC., ZILLOW GROUP, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000874-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PETER ANDREYEV, and WILLIAM SULLIVAN, <br><br> Plaintiffs, <br><br> v. <br><br> LEXISNEXIS RISK DATA MANAGEMENT, LLC, RELX, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000875-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000878-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| QUANTARIUM ALLIANCE, LLC, QUANTARIUM GROUP, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000917-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| ORACLE INTERNATIONAL CORPORATION, ORACLE AMERICA, INC., ORACLE CORP., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000918-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| AMSIVE, LLC, AMSIVE AQ LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EQUIFAX INC., KOUNT INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000919-24 <br><br> **<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br> v. <br><br> CHOREOGRAPH LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000920-24 <br><br> **<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE ALESCO GROUP, L.L.C., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000969-24 <br><br> **<u>CIVIL ACTION</u>** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> USPHONESEARCH.COM, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000970-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EDVISORS NETWORK, INC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000971-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> INNOVATIVE WEB SOLUTIONS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-001038-24 <br><br> **CIVIL ACTION** |

TO:     All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Bergen County, 10 Main Street, Hackensack, New Jersey 07601 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461411v1 (25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>WHITEPAGES INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000270-24<br><br><u>CIVIL ACTION</u><br><br>**NOTICE OF MOTION TO CONSOLIDATE** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>BLACK KNIGHT TECHNOLOGIES, LLC, BLACK KNIGHT, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000271-24<br><br><u>CIVIL ACTION</u> |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000272-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| THE LIFETIME VALUE CO. LLC, BEENVERIFIED, INC., NEIGHBORWHO LLC, THE NUMBERGURU, LLC, PEOPLELOOKER LLC, PEOPLESMART LLC, OWNERLY, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000273-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| ATTOM DATA SOLUTIONS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000282-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| MYHERITAGE LTD., MYHERITAGE (USA), INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |

|  |  |
|---|---|
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000283-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| ACXIOM LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000284-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| FORTNOFF FINANCIAL LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000285-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| HIYA INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LUCKY2MEDIA, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000286-24 <br><br> **<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PETER ANDREYEV, and WILLIAM SULLIVAN, <br><br> Plaintiffs, <br><br> v. <br><br> VOTERRECORDS.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000288-24 <br><br> **<u>CIVIL ACTION</u>** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000290-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| VALASSIS DIGITAL CORP., VALASSIS COMMUNICATIONS, INC., VERICAST CORP, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000292-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| CIVIL DATA RESEARCH, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000293-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| PROPERTYRADAR, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000294-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| PREVILON, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000297-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| I360, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000299-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| SCSD HOLDINGS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DYNATA LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000308-24 <br><br> **<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LIGHTBOX PARENT, L.P., LIGHTBOX HOLDINGS, L.P., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000309-24 <br><br> **<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SMARTY, LLC, SMARTYSTREETS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000310-24 <br><br> **<u>CIVIL ACTION</u>** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ADSTRA, LLC, ADSTRA INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000311-24 <br><br> **<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, <br><br> Plaintiffs, <br><br> v. <br><br> COCOFINDER.COM, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000319-24 <br><br> **<u>CIVIL ACTION</u>** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000320-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| AREAPLOT, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000328-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| FIRST DIRECT, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000335-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| TELEPHONEDIRECTORIES.US, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

TO:    All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Mercer County, 175 S. Broad Street, Trenton, New Jersey 08608 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461427v1 (25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, <br><br>      Plaintiffs, <br><br> v. <br><br> NJ PROPERTY RECORDS, LLC, STATE INFORMATION SERVICES LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000811-24 <br><br> <u>**CIVIL ACTION**</u> <br><br> **NOTICE OF MOTION TO CONSOLIDATE** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, and PATRICK COLLIGAN, <br><br>      Plaintiffs, <br><br> v. <br><br> TRUE SOFTWARE SCANDINAVIA AB, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000812-24 <br><br> <u>**CIVIL ACTION**</u> |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>      Plaintiffs, <br><br> v. <br><br> DIGITAL SAFETY PRODUCTS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000814-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>      Plaintiffs, <br><br> v. <br><br> INFOPAY, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000815-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>      Plaintiffs, <br><br> v. <br><br> RADARIS, LLC, RADARIS AMERICA, INC., ANDTOP CORP., ALBERA LIMITED BITSELLER EXPERT LIMITED, ACCURACY CONSULTING LTD., VIRTURA CORP., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000847-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000848-24 |
|       Plaintiffs, | **CIVIL ACTION** |
| v. | |
| ACCURATE APPEND, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
|       Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000849-24 |
|       Plaintiffs, | **CIVIL ACTION** |
| v. | |
| OUTSIDE INTERACTIVE, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
|       Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000850-24 |
|       Plaintiffs, | **CIVIL ACTION** |
| v. | |
| GLAD I KNOW INC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
|       Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TELTECH SYSTEMS, INC., EPIC ENTERPRISES, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000859-24 <br><br> **<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, <br><br> Plaintiffs, <br><br> v. <br><br> ALLPEOPLE.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000898-24 <br><br> **<u>CIVIL ACTION</u>** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and PETER ANDREYEV, <br><br> Plaintiffs, <br><br> v. <br><br> REVEALNAME.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000901-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VERISK ANALYTICS, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000903-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SEARCHBUG, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000904-24 <br><br> **CIVIL ACTION** |

Defendants.

---

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000915-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| FIRST AMERICAN FINANCIAL CORPORATION, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

---

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000988-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| 6SENSE INSIGHTS, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

---

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000989-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| GIANT PARTNERS, INC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000990-24 |
| Plaintiffs, | **<u>CIVIL ACTION</u>** |
| v. | |
| DM GROUP, INC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000991-24 |
| Plaintiffs, | **<u>CIVIL ACTION</u>** |
| v. | |
| INSIDERE, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000992-24 |
| Plaintiffs, | **<u>CIVIL ACTION</u>** |
| v. | |
| OWMN, LTD., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>     Plaintiffs, <br><br> v. <br><br> AMERILIST INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-001052-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>     Plaintiffs, <br><br> v. <br><br> PEOPLEWHIZ, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-001063-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>     Plaintiffs, <br><br> v. <br><br> STIRISTA, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-001221-24 <br><br> **CIVIL ACTION** |

TO:      All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Middlesex County, 56 Paterson Street, New Brunswick, New Jersey 08901 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461434v1 (25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>     Plaintiffs,<br><br>     v.<br><br>PIPL, INC., RICHARD ROES 1-10, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000481-24<br><br><u>**CIVIL ACTION**</u><br><br><br>**NOTICE OF MOTION TO CONSOLIDATE** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>     Plaintiffs,<br><br>     v.<br><br>RED VIOLET, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000482-24<br><br><u>**CIVIL ACTION**</u> |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.,*<br><br>            Plaintiffs,<br><br>    v.<br><br>DATA AXLE, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br><br>            Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000483-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.,*<br><br>            Plaintiffs,<br><br>    v.<br><br>PEOPLECONNECT, INC., PEOPLECONNECT HOLDINGS, INC., INTELIUS, LLC, PEOPLECONNECT INTERMEDIATE, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br><br>            Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000484-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.,*<br><br>            Plaintiffs,<br><br>    v.<br><br>BATCHSERVICE LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br><br>            Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000485-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>JOY ROCKWELL ENTERPRISES, INC DBA POSTCARDMANIA PCM LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000486-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>CHECKPEOPLE, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000506-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>WILLIAM R. WETZEL, WENDY E. WETZEL, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000507-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>BELLES CAMP COMMUNICATIONS INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000508-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>RESTORATION OF AMERICA, VOTER REFERENCE FOUNDATION LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000510-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>WELLNUT.COM, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000512-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>   Plaintiffs,<br><br>  v.<br><br>PEOPLE DATA LABS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>   Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000515-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>SEARCH QUARRY, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>   Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000516-24<br><br>CIVIL ACTION |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>   Plaintiffs,<br><br>  v.<br><br>PETER KAWASAKI, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>   Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000517-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>        Plaintiffs,<br><br>     v.<br><br>EPSILON DATA MANAGEMENT, LLC, CONVERSANT LLC, CITRUS AD INTERNATIONAL, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000533-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>        Plaintiffs,<br><br>     v.<br><br>COMPACT INFORMATION SYSTEMS, LLC, ACCUDATA INTEGRATED MARKETING, INC., ALUMNIFINDER, ASL MARKETING, INC., COLLEGE BOUND SELECTION SERVICE, DEEPSYNC LABS, HOMEDATA, STUDENT RESEARCH GROUP, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000534-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>         Plaintiffs,<br><br>    v.<br><br>EQUIMINE, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>         Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000535-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>         Plaintiffs,<br><br>    v.<br><br>NEIGHBOR.REPORT, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>         Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000537-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>         Plaintiffs,<br><br>    v.<br><br>SPECIALISTS MARKETING SERVICES, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>         Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000539-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>      Plaintiffs,<br><br>    v.<br><br>ACCUZIP, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000554-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>      Plaintiffs,<br><br>    v.<br><br>WILAND, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000577-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>      Plaintiffs,<br><br>    v.<br><br>LTRAC LLC, BUILDOUT, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000694-24<br><br>**CIVIL ACTION** |

TO:    All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Monmouth County, 71 Monmouth Street, Freehold, New Jersey 07728 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461447v1 (25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MELISSA DATA CORP, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000224-24 <br><br> **CIVIL ACTION** <br><br> **NOTICE OF MOTION TO CONSOLIDATE** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NUWBER, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000225-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TWILIO INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000226-24 <br><br> **CIVIL ACTION** |

ABC COMPANIES 1-10, *fictitious names of unknown entities*,

        Defendants.

---

ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,

        Plaintiffs,

    v.

SPOKEO, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,

        Defendants.

| SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000227-24 |
| --- |
| **CIVIL ACTION** |

---

ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,

        Plaintiffs,

    v.

ZENLEADS INC. D/B/A APOLLO.IO, ZENLEADS HOLDINGS LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,

        Defendants.

SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000228-24

**CIVIL ACTION**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000229-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| 411.INFO CORP., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000230-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| DATABASEUSA.COM LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000231-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| REIPRO LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CALLERSMART INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000237-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SKOPENOW, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000241-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEHASHED.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000242-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000243-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| BLACKBAUD, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000244-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| DELVEPOINT, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000245-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| INFORMATION.COM LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000247-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| LOCATEPLUS HOLDINGS CORPORATION (F.K.A. LOCATE PLUS.COM, F.K.A. WORLDWIDE INFORMATION INC.), RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000249-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| VERICORA.COM, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000256-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| CLUSTRMAPS.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>      Plaintiffs,<br><br>    v.<br><br>THE PEOPLE SEARCHERS, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000257-24<br><br>**<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>      Plaintiffs,<br><br>    v.<br><br>REMINE INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000258-24<br><br>**<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>      Plaintiffs,<br><br>    v.<br><br>SPY DIALER, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000259-24<br><br>**<u>CIVIL ACTION</u>** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000260-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| TELNYX LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000261-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| THRYV, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000263-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| SPYCLOUD, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000270-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| CARCO GROUP INC., INTELLICORP RECORDS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000271-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| COMMERCIAL REAL ESTATE EXCHANGE, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000285-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| INNOVIS DATA SOLUTIONS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000286-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| SAP AMERICA, INC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000320-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| THOMSON REUTERS CORPORATION, THOMSON REUTERS HOLDINGS INC., THOMSON REUTERS CANADA LIMITED, THOMSON REUTERS APPLICATIONS INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000323-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| US DATA CORPORATION, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.,* | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000325-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| THE OPEN DATA PEOPLE, INC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,* | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.,* | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000379-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| WE INFORM, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,* | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.,* | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000483-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| AGR GROUP INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,* | |
| Defendants. | |

TO:     All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Morris County, 56 Washington Street, Morristown, New Jersey 07960 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*


*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461459v1 (25221.001)

# P-M
## LAW LLP

**Rajiv D. Parikh, Esq.**
**Partner**
rparikh@pemlawfirm.com
(D)      +1 973.577.6176
(M)      +1 973.818.5130

April 11, 2024

**VIA ECOURTS**

The Honorable John D. O'Dwyer, P.J.Cv.
Bergen County Justice Center
10 Main Street, Floor 3
Hackensack, NJ 07601

The Honorable Lourdes Lucas, J.S.C.
Monmouth County Courthouse
71 Monument Park, PO Box 1266, 2nd Floor
Freehold, NJ 07728

The Honorable Douglas H. Hurd, P.J.Cv.
Mercer County Civil Courthouse
175 South Broad Street, Floor 3
Trenton, NJ 08650

The Honorable Joseph L. Rea, J.S.C.
Middlesex County Courthouse
56 Paterson Street, PO Box 964, 4th Floor
New Brunswick, NJ 08903

The Honorable Marcy M. McMann, J.S.C.
Records and Administration Building
Court Street, 4th Floor
Morristown, NJ 07963

> **Re:**   **Atlas Data Privacy Corporation, et al. v. Enformion, LLC, et al.,**
> **Docket No.: BER-L-767-24**
> **Atlas Data Privacy Corporation, et al. v. PIPL, Inc. et al.,**
> **Docket No.: MON-L-481-24**
> **Atlas Data Privacy Corporation, et al. v. Whitepages, Inc., et al.,**
> **Docket No.: MER-L-270-24**
> **Atlas Data Privacy Corporation, et al. v. NJ Property Records, LLC, et al.,**
> **Docket No.: MID-L-811-24**
> **Atlas Data Privacy Corporation, et al. v. Melissa Data Corp., et al.,**
> **Docket No.: MRS-L-224-24**

Dear Judge:

We write on behalf of the Plaintiffs in the Daniel's Law litigations referenced above and in the notices of motion previously filed with the court on March 19, 2024. Plaintiffs' motions to consolidate all Daniel's Law actions filed by Plaintiffs on March 12, 2024 in Bergen County, Monmouth County, Mercer County, Middlesex County, and Morris County are currently returnable on April 12, 2024 (the "Motions").  We seek to adjourn these motions one cycle.

Since filing the Motions, approximately sixty (60) Defendants across all five (5) counties have removed their matters to Federal Court. While the 30-day deadline for removal for the remaining Defendants has either expired or is rapidly approaching, there remain a handful of matters in which service continues to be attempted. See 28 U.S.C. § 1446. Counsel for several of the Defendants requested an adjournment of the pending motions to consolidate due to the notice of removal filings.

With the perspective of trying to align the motions to consolidate properly with a more complete picture of which matters remain pending in State Court, and to accommodate requests from some defense counsel, we respectfully submit that it would be prudent to adjourn the motions one (1) motion cycle.

As such, Plaintiffs respectfully request an adjournment of the motions from April 12, 2024 to April 26, 2024.

Thank you for your time and attention to these matters.


Respectfully submitted,

**PEM LAW LLP**

*/s/ Rajiv D. Parikh*
Rajiv D. Parikh

Rajiv D. Parikh, Esq. (032462005)
**PEM LAW LLP**
One Boland Drive
Suite 101
West Orange, New Jersey 07052
rparikh@pemlawfirm.com
(973) 577-5500

|  |  |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br>         Plaintiffs, <br><br>    v. <br><br> ALLPEOPLE.COM, et al., <br><br>         Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: MIDDLESEX COUNTY <br><br> DOCKET NO.:  MID-L-000898-24 <br><br> CIVIL ACTION <br><br> **SUBSTITUTION OF ATTORNEY** |

The undersigned hereby consents to the substitution of the law firm Rajiv D. Parikh, Esq. of PEM Law LLP, in place of Genova Burns, LLC as counsel for Plaintiffs in the above-captioned matter.

**GENOVA BURNS LLC**                                  **PEM LAW LLP**


___*s/ James M. Burns*_____                    ___*s/ Rajiv D. Parikh*_____
James M. Burns, Esq.                                  Rajiv D. Parikh, Esq.
Withdrawing Attorneys                               Superseding Attorneys
Genova Burns LLC                                       PEM Law LLP


Dated:  April 15, 2024                                  Dated:  April 15, 2024

**MIDDLESEX VICINAGE CIVIL DIVISION**
**P O BOX 2633**
**56 PATERSON STREET**
**NEW BRUNSWICK     NJ 08903-2633**

<b>DISMISSAL NOTICE</b>

**TELEPHONE - (732) 645-4300 EXT. 88905,TATIANA VODOLA        TEAM 004**
**COURT HOURS:  8:30 AM - 4:30 PM**

**DATE: JUNE 21, 2024**
**RE: ATLAS DATA PRIVACY C ORPORATIO  VS ALLPEOPLE.COM**
**DOCKET: MID L -000898 24**
**PARTY:     ALLPEOPLE.COM**


        **PLEASE TAKE NOTICE THAT ON AUGUST 20, 2024    (60 DAYS FROM DATE OF**
**THIS NOTICE), THE COURT WILL DISMISS THE ABOVE PARTY OR PARTIES FOR LACK OF**
**PROSECUTION WITHOUT PREJUDICE, PURSUANT TO RULE 1:13-7 OR RULE 4:43-2 UNLESS ACTION**
**REQUIRED UNDER THE ABOVE RULES IS TAKEN.**


**HON MICHAEL V. CRESITELLO JR**                        **ATT: RAJIV D. PARIKH**
_____                        **PEM LAW LLP**
        **JUDGE**                                        **1 BOLAND DR**
                                                        **SUITE 101**
                                                        **WEST ORANGE      NJ 07052**

**MIDDLESEX VICINAGE CIVIL DIVISION**
**P O BOX 2633**
**56 PATERSON STREET**
**NEW BRUNSWICK     NJ 08903-2633**


**TELEPHONE - (732) 645-4300 EXT. 88294,CHRISTINE IBRAHIM     TEAM 002**
**COURT HOURS:  8:30 AM - 4:30 PM                         DATE AUGUST 23, 2024**

**DOCKET NO. MID L -000898 24**
**NAME: ATLAS DATA PRIVACY C ORPORATIO  VS ALLPEOPLE.COM**

       **IT IS HEREBY ORDERED THAT UNDER RULES 1:13-7 OR 4:43-2, THE ABOVE MATTER HAS BEEN**
**DISMISSED WITHOUT PREJUDICE FOR LACK OF PROSECUTION. THIS ORDER CLOSES FILE. JUDGMENTS**
**PREVIOUSLY ENTERED IN THIS CASE ARE NOT AFFECTED BY THIS ORDER.**


       **A FORMAL NOTICE OF MOTION IS NOW REQUIRED TO RESTORE THIS CASE TO ACTIVE TRIAL**
**STATUS.**


   **HON BRUCE KAPLAN**
   _____
       **JUDGE**

                                                    **ATT: RAJIV D. PARIKH**
                                                    **PEM LAW LLP**
                                                    **1 BOLAND DR**
                                                    **SUITE 101**
                                                    **WEST ORANGE      NJ 07052**

**PEM LAW LLP**
Rajiv D. Parikh, Esq. (032462005)
Jessica A. Merejo, Esq. (288592020)
Thomas R. Kraft, Esq. (384852022)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
Email: rparikh@pemlawfirm.com
        jmerejo@pemlawfirm.com
        tkraft@pemlawfirm.com

*Attorneys for Plaintiffs*

**MORGAN & MORGAN**
John A. Yanchunis, Esq. (*pro hac vice* to be filed)
Ross F. Berlin, Esq. (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: (813) 223-5505
Email: jyanchunis@forthepeople.com
        ross.berlin@forthepeople.com

|  |  |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2*, a law enforcement officer*, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, <br><br><br>Plaintiffs, <br><br>v. <br><br>ALLPEOPLE.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY <br>LAW DIVISION: MIDDLESEX COUNTY <br>DOCKET NO.: MID-L-898-24 <br><br>**<u>CIVIL ACTION</u>** <br><br>**PLAINTIFFS' NOTICE OF OMNIBUS MOTION TO REINSTATE THE COMPLAINT AND TO PERMIT ALTERNATIVE SERVICE OF PROCESS** |

**PLEASE TAKE NOTICE** that on December 6, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, PEM LAW LLP and Morgan & Morgan, attorneys for Plaintiffs Atlas Data Privacy Corporation, Jane Doe-1, a law enforcement officer, Jane Doe-2, a law enforcement officer, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan (hereinafter and collectively, the "Plaintiffs"), shall move before the Superior Court of New Jersey,

Law Division, Middlesex County for the entry of an Order requesting therein: (i) to reinstate the Complaint pursuant to <u>R.</u> 1:13-7(a); and (ii) to permit alternative service of the Complaint pursuant to <u>R.</u> 4:4-4(b)(3).

**PLEASE TAKE FURTHER NOTICE** that in support of their motion, Plaintiffs shall rely upon the accompanying Letter Brief, Certification of Rajiv D. Parikh, Esq., and all exhibits annexed thereto, and Certification of Ross F. Berlin, Esq.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is attached.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to <u>R.</u> 1:6-2(e), oral argument is not requested unless opposition is timely filed in response to this Motion.

> **PEM LAW LLP**
> *Attorneys for Plaintiffs*
>
> **By:**   *<u>/s/Rajiv D. Parikh</u>*
>        **Rajiv D. Parikh**

Dated: November 18, 2024

**PEM LAW LLP**
Rajiv D. Parikh, Esq. (032462005)
Jessica A. Merejo, Esq. (288592020)
Thomas R. Kraft, Esq. (384852022)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
Email: rparikh@pemlawfirm.com
      jmerejo@pemlawfirm.com
      tkraft@pemlawfirm.com

*Attorneys for Plaintiffs*

**MORGAN & MORGAN**
John A. Yanchunis, Esq. (*pro hac vice* to be filed)
Ross F. Berlin, Esq. (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: (813) 223-5505
Email: jyanchunis@forthepeople.com
      ross.berlin@forthepeople.com

|  |  |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2*, a law enforcement officer*, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>        Plaintiffs,<br><br>        v.<br><br>ALLPEOPLE.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br>DOCKET NO.: MID-L-898-24<br><br>**CIVIL ACTION**<br><br>**ORDER** |

      **THIS MATTER**, having been brought before the Court on the application of PEM Law LLP and Morgan & Morgan, attorneys for Plaintiffs, for an Order: (i) to reinstate the Complaint pursuant to R. 1:13-7(a); and (ii) to permit alternative service of the Complaint pursuant to R. 4:4-4(b)(3); and the Court having considered Plaintiffs' submissions in support of this Omnibus Motion, and good cause having been shown;

      **IT IS** on this ___ day of December 2024, hereby **ORDERED** that:

1. Plaintiffs have established good cause for reinstatement of the Complaint to the active trial calendar pursuant to <u>R.</u> 1:13-7(a).

2. The Clerk of the Court is directed to reinstate the Complaint against all Defendants.

3. Plaintiffs have further established that service of process cannot be effectuated pursuant to the normal methods provided by <u>R.</u> 4:4-4.

4. Plaintiffs are hereby permitted to utilize an alternative service of process pursuant to <u>R.</u> 4:4-4(b)(3), by causing the Summons and Complaint to be sent via electronic mail to any email address listed as a point of contact for the person or entity responsible for any website that is the subject of this action.

_____

**HON. BRUCE J. KAPLAN, J.S.C.**

[  ] Opposed

[ ] Unopposed

**PEM LAW LLP**
Rajiv D. Parikh, Esq. (032462005)
Jessica A. Merejo, Esq. (288592020)
Thomas R. Kraft, Esq. (384852022)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
Email: rparikh@pemlawfirm.com
         jmerejo@pemlawfirm.com
         tkraft@pemlawfirm.com

*Attorneys for Plaintiffs*

**MORGAN & MORGAN**
John A. Yanchunis, Esq. (*pro hac vice* to be filed)
Ross F. Berlin, Esq. (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: (813) 223-5505
Email: jyanchunis@forthepeople.com
         ross.berlin@forthepeople.com

|  |  |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br><br>Plaintiffs,<br><br>v.<br><br>ALLPEOPLE.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY DOCKET NO.: MID-L-898-24<br><br>**CIVIL ACTION**<br><br>**CERTIFICATION OF RAJIV D. PARIKH, ESQ. IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTION** |

I, Rajiv D. Parikh, Esq., of full age, hereby certify and attest as follows:

1.       I am an attorney duly licensed to practice law in the State of New Jersey and a

Partner with PEM Law LLP, co-counsel for Plaintiffs Atlas Data Privacy Corporation, Jane Doe-

1, a law enforcement officer, Jane Doe-2, a law enforcement officer, Scott Maloney, Justyna

Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan (hereinafter and collectively,

the "Plaintiffs").

2.      I have personal knowledge of the facts set forth herein and submit this certification in support of Plaintiffs' Omnibus Motion: (i) to reinstate the Complaint pursuant to R. 1:13-7(a); and (ii) to permit alternative service of the Complaint pursuant to R. 4:4-4(b)(3).

3.      On February 8, 2024, Plaintiffs filed a Complaint against the above-captioned Defendants.

4.      The undersigned filed the Complaint, as local counsel on behalf of Plaintiffs, while employed by the law firm Genova Burns LLC.

5.      I left my employment at Genova Burns LLC on March 22, 2024,

6.      On April 17, 2024, the undersigned filed a substitution of attorney to reflect that this matter was transferred from Genova Burns LLC to PEM Law LLP. See Tr. I.D. LCV2024979266.

7.      Pursuant to the enclosed Certification of Ross F. Berlin, Esq. (hereinafter, the "Berlin Cert."), the undersigned, together with Plaintiffs' co-counsel Morgan & Morgan, has diligently attempted to locate Defendant Allpeople.com to effectuate proper service of process pursuant to the Rules of Court.

8.      As set forth in the Berlin Cert., Plaintiffs' co-counsel Morgan & Morgan performed research to locate Defendant and concurrently identify all relevant information to effectuate service of the Complaint upon Defendant.

9.      Co-counsel Morgan & Morgan determined that Domains by Proxy, LLC, a domain privacy service, possessed information relevant to the owner(s), operator(s), and registrant(s) of Defendant Allpeople.com.

10.      Accordingly, on May 30, 2024, Plaintiffs successfully served a subpoena *duces tecum* upon Domains by Proxy, LLC.

11.     A true and accurate copy of the May 30, 2024 Affidavit of Service for the above-referenced subpoena *duces tecum* served upon Domains by Proxy, LLC, is annexed hereto as "**Exhibit A**".

12.     Thereafter, Plaintiffs received confidential documents responsive to the May 30, 2024 subpoena *duces tecum* which identified potential owner(s), operator(s), and registrant(s) associated with Defendant Allpeople.com.

13.     On June 22, 2024, a lack of prosecution dismissal warning was issued to all counsel of record. See Tr. I.D. LCV20241573624.

14.     On August 26, 2024, an Order dismissing the Complaint for lack of prosecution was automatically entered on the docket. See Tr. I.D. LCV2024208041.

15.     Plaintiffs, through the undersigned counsel and co-counsel Morgan & Morgan, have vigorously pursued this matter since the filing of the Complaint as reflected by their continuing efforts to effectuate service.

16.     On October 25, 2024, Plaintiffs attempted service of the Summons and Complaint, together with discovery requests, upon the individual identified as an owner, operator, or registrant of Defendant Allpeople.com pursuant to the confidential subpoena response documents produced by Domains by Proxy, LLC.

17.     Service of process upon Defendant Allpeople.com was deemed unsuccessful pursuant to an Affidavit of Non-Service dated October 25, 2024.

18.     A true and accurate copy of the October 25, 2024 Affidavit of Non-Service is annexed hereto as "**Exhibit B**".

19.     A true and accurate copy of the unpublished opinion <u>252 Main NM, LLC v.</u>
<u>Heywang</u>, Docket No. F-005512-19, 2020 N.J. Super. Unpub. LEXIS 449 at *3 (Ch. Div. Feb. 12,
2020) is annexed hereto as "**Exhibit C**".

20.     A true and accurate copy of the April 7, 2020 Supreme Court Order relaxing the
provisions of <u>R.</u> 4:4-4 is annexed hereto as "**Exhibit D**".

21.     For the reasons set forth herein, Plaintiffs respectfully request that this Court: (i)
reinstate the Complaint pursuant to <u>R.</u> 1:13-7(a); and (ii) permit alternative service of the
Complaint pursuant to <u>R.</u> 4:4-4(b)(3).

I certify that the above statements are true to the best of my knowledge and ability or based
on sworn statements previously submitted to the Court. I understand that if the above statements
are willfully false, I am subject to punishment.

**PEM LAW LLP**
*Attorneys for Plaintiffs*

**By:**    <u>*/s/Rajiv D. Parikh*   </u>
**Rajiv D. Parikh**

Dated: November 18, 2024



**Rajiv D. Parikh, Esq.**
**Partner**
rparikh@pemlawfirm.com
*Office:* +1 973.577.5500
*Direct:* +1 973.585.5330

November 18, 2024

<u>**VIA eCourts**</u>
Hon. Bruce J. Kaplan, J.S.C.
Superior Court of New Jersey, Law Division
Middlesex County Courthouse
56 Paterson Street, 3rd Floor
New Brunswick, NJ 08903

      **Re:**    ***Atlas Data Privacy Corporation, et al. v. Allpeople.com***
               <u>**Docket No.: MID-L-898-24**</u>

Dear Judge Kaplan:

     We represent Plaintiffs, Atlas Data Privacy Corporation, Jane Doe-1, a law enforcement officer, Jane Doe-2, a law enforcement officer, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan (hereinafter and collectively, the "Plaintiffs"), together with co-counsel Morgan & Morgan. Plaintiffs respectfully submit this letter brief, in lieu of a more formal brief, in support of Plaintiffs' Motion to reinstate the Complaint and for leave to effectuate alternative service of process.

     As set forth below, Plaintiffs contend that good cause exists to reinstate the Complaint pursuant to <u>R.</u> 1:13-7(a) and that alternative service of process pursuant to <u>R.</u> 4:4-4(b)(3) is appropriate. Accordingly, Plaintiffs respectfully submit that the Motion should be granted.

<u>**LEGAL ARGUMENT**</u>

**I.**     **THE COMPLAINT MUST BE REINSTATED PURSUANT TO <u>R.</u> 1:13-7(a)**

     As set forth below, good cause exists for reinstatement of the Complaint pursuant to <u>R.</u> 1:13-7(a). The Complaint was filed on February 8, 2024.  Thereafter, Plaintiffs engaged in multiple attempts to identify and serve process on defendants.  These efforts were unsuccessful. Thereafter this matter was administratively dismissed for lack of prosecution on August 26, 2024. As set forth below, the foregoing dismissal was the result of a variety of factors and not due to any acts or omissions by Plaintiffs themselves. Accordingly, reinstatement of the Complaint is appropriate for good cause shown and as required by <u>R.</u> 1:13-7(a).

     Pursuant to <u>R.</u> 1:13-7(a), a motion for reinstatement shall be granted on good cause shown. Application of the good cause standard "requires the exercise of sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the Court

Hon. Bruce J. Kaplan, J.S.C.
November 18, 2024
Page 2 of 4



Rule being applied." <u>See</u> <u>Ghandi v. Cespedes</u>, 390 N.J. Super. 193, 197-98 (App. Div. 2007)(quoting <u>Delaware Valley Wholesale Florist, Inc. v. Addalia</u>, 349 N.J. Super. 228, 232 (App. Div. 2002). Reinstatement is "ordinarily routinely and freely granted when plaintiff has cured the problem that led to the dismissal even if the application is made many months later." <u>Id.</u> Likewise, "absent a finding of fault by the plaintiff and prejudice to the defendant, a motion to restore under the rule should be viewed with great liberality." <u>Id.</u>

For context, and as set forth more fully in the Complaint, Defendant operates a website that publishes and discloses personal contact information such as email addresses, telephone numbers, and home addresses. Ironically, the website lacks direct street address contact information for the Defendant. Thus, additional background research was required to attempt to locate Defendant's contact information before service of process could be attempted. <u>See</u> Certification of Ross F. Berlin, Esq. (hereinafter, the "Berlin Cert.").

Co-counsel at Morgan & Morgan performed this research through a variety of means, including investigative work.  <u>See</u> <u>generally</u> Berlin Cert. Indeed, Plaintiffs even researched Defendant's domain registration information, but determined that Defendant's contact information was shielded by Domains by Proxy LLC—a domain privacy service. Plaintiffs thereafter issued and successfully served a subpoena *duces tecum* upon Domains by Proxy LLC. <u>See</u> Certification of Rajiv D. Parikh, Esq. (hereinafter, the "Parikh Cert."), Exhibit A, May 30, 2024 Affidavit of Service. There were some slight delays not attributable to the acts or omissions of Plaintiffs themselves.[1] Indeed, Plaintiffs attempted to serve Defendant using the information received from the subpoena, but that information was either false or Defendant has purposefully avoided service. <u>See</u> Parikh Cert. at ¶12, ¶16-17. However, this matter was administratively dismissed for lack of prosecution on August 26, 2024, pursuant to <u>R.</u> 1:13-7, and before Plaintiffs were able to effectuate service of process upon the Defendant.

There is good cause here, to reinstate the Complaint against Defendant because the dismissal was only a result of difficulties in identifying and serving Defendant despite efforts by Plaintiffs. Even so, Defendant will not be prejudiced by reinstatement of this matter as service of process has not yet been effectuated and Plaintiffs are seeking to effectuate service by alternative means. Based upon the foregoing, Plaintiffs respectfully request that this matter be reinstated to the active trial calendar.

---

[1] The undersigned initially filed these actions when associated with Genova Burns LLC.  In late March 2024, the undersigned left Genova Burns to form PEM Law LLP.  There were some delays in the transfer of files from Genova Burns to PEM Law during this transitional period.

Hon. Bruce J. Kaplan, J.S.C.
November 18, 2024
Page 3 of 4



## II.     ALTERNATIVE SERVICE OF PROCESS IS NECESSARY IN LIGHT OF DEFENDANT'S EFFORTS TO EVADE SERVICE

The traditional service of process methods provided for by <u>R.</u> 4:4-4 cannot be utilized to effectuate service in light of Defendant's apparent efforts to evade service. Thus, Plaintiffs submit that alternative service via any email address identified as a point of contact on Defendant's websites is both necessary and consistent with the provisions of <u>R.</u> 4:4-4. Moreover, the Rules of Court provide that if service cannot be made by any of the modes provided by <u>R.</u> 4:4-4, any defendant may be served as provided by court order, consistent with due process of law. <u>See R.</u> 4:4-4(b)(3). In these circumstances, a three-part test applies to determine whether alternative service is appropriate. If service of process via traditional methods: (i) is impossible; (ii) is unduly oppressive; or (iii) where the defendant successfully evades service, the court may direct alternative service of process by court order. <u>Id.</u>

To that end, New Jersey Courts have already held that service of process by social media and email is sufficient. <u>See e.g.</u>, <u>K.A. v. J.L.</u>, 450 N.J. Super. 247, 252-55 (Ch. Div. 2016)(permitting service of process via Facebook where traditional methods were ineffective); <u>252 Main NM, LLC v. Heywang</u>, Docket No. F-005512-19, 2020 N.J. Super. Unpub. LEXIS 449 at *3 (Ch. Div. Feb. 12, 2020)(alternative service via Facebook Messenger or email are sufficient where defendant's whereabouts are unknown); <u>accord</u> April 2020 Order of Chief Justice Rabner[2] (noting that email service, in light of the Covid-19 pandemic, was necessary and thereby permissible). In sum, and as outlined herein, Plaintiffs previously made good faith efforts to locate and serve the Defendant, to no avail, and as such, alternative service of process via email is both appropriate and consistent with the Rules of Court and applicable caselaw.

As set forth in the Berlin Cert., Defendant continues to conduct their business through their internet websites, which are operational, active, and appear to be regularly updated. Plaintiffs have expended considerable time and resources attempting to locate and serve the Defendant to no avail. As noted above, Plaintiffs served Defendant's domain hosting company with a subpoena, and thereinafter attempted service of process upon the Defendant, unsuccessfully. <u>See</u> Parikh Cert. Exhibit B. As such, Plaintiffs respectfully submit that alternative service of the Complaint—via email—is necessary to pursue the pending claims. To be sure, domain privacy services act as a shield for domain holders (i.e., website owners, operators, & registrants) but the fact remains that a privacy service—such as Domains by Proxy LLC—communicates with and forwards information to domain holders, such as the Defendant.

Accordingly, because the Defendant has chosen to shield their contact information behind a privacy service, they have consented to that privacy service forwarding and submitting information to them. As such, service of process upon both Defendant and Domains by Proxy,

---

[2] <u>See</u> Parikh Cert., Exhibit D, April 7, 2020 Supreme Court Order.

Hon. Bruce J. Kaplan, J.S.C.
November 18, 2024
Page 4 of 4



---

LLC, via email should be deemed sufficient pursuant to <u>R.</u> 4:4-4(b)(3). Because the requirements of Rule 4:4-4(b)(3) have been satisfied, Plaintiffs should be granted leave to attempt alternative service of process by way of email to the addresses associated with Defendant's website and domain proxy service.

<b><u>CONCLUSION</u></b>

Based upon the foregoing, Plaintiffs respectfully request that this Court grant the within Omnibus Motion and enter an Order: (i) to reinstate the Complaint pursuant to <u>R.</u> 1:13-7; and (ii) for alternative service of process pursuant to <u>R.</u> 4:4-4(b)(3).

Respectfully Submitted,

**PEM LAW LLP**
*Attorneys for Plaintiffs*

**By:** *<u>/s/Rajiv D. Parikh</u>*
**Rajiv D. Parikh**

Dated: November 18, 2024

**PEM LAW LLP**
Rajiv D. Parikh, Esq. (032462005)
Jessica A. Merejo, Esq. (288592020)
Thomas R. Kraft, Esq. (384852022)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
Email: rparikh@pemlawfirm.com
          jmerejo@pemlawfirm.com
          tkraft@pemlawfirm.com

**MORGAN & MORGAN**
John A. Yanchunis, Esq. (*pro hac vice* to be filed)
Ross F. Berlin, Esq. (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: (813) 223-5505
Email: jyanchunis@forthepeople.com
          ross.berlin@forthepeople.com

*Attorneys for Plaintiffs*

|  |  |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2*, a law enforcement officer*, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>ALLPEOPLE.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br>DOCKET NO.: MID-L-898-24<br><br>**CIVIL ACTION**<br><br>**CERTIFICATION OF SERVICE** |

I, Rajiv D. Parikh, Esq., hereby certify and attest that on this date, my office caused an original of the following documents to be filed via eCourts with the Clerk, Law Division, Superior Court of New Jersey, Middlesex County:

1. Plaintiffs' Omnibus Motion: (i) to reinstate the Complaint pursuant to R. 1:13-7(a); and (ii) to permit alternative service of the Complaint pursuant to R. 4:4-4(b)(3);
2. Letter Brief;
3. the Certification of Rajiv D. Parikh, Esq., with exhibits;

4. the Certification of Ross F. Berlin, Esq.; and
5. Proposed Order.

      The foregoing statements are true and correct to the best of my knowledge. I am aware that

if the foregoing statements made by me are intentionally false, I am subject to punishment.

                        **PEM LAW LLP**
                        *Attorneys for Plaintiffs*

      **By:**    */s/Rajiv D. Parikh*
                        **Rajiv D. Parikh**

Dated: November 18, 2024

**PEM LAW LLP**
Rajiv D. Parikh, Esq. (032462005)
Jessica A. Merejo, Esq. (288592020)
Thomas R. Kraft, Esq. (384852022)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
Email: rparikh@pemlawfirm.com
      jmerejo@pemlawfirm.com
      tkraft@pemlawfirm.com

**MORGAN & MORGAN**
John A. Yanchunis, Esq. (*pro hac vice* to be filed)
Ross F. Berlin, Esq. (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: (813) 223-5505
Email: jyanchunis@forthepeople.com
      ross.berlin@forthepeople.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2*, a law enforcement officer*, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>        Plaintiffs,<br><br>        v.<br><br>ALLPEOPLE.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY DOCKET NO.: MID-L-898-24<br><br>**CIVIL ACTION**<br><br>**CERTIFICATION OF ROSS F. BERLIN, ESQ. IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTION** |

I, Ross F. Berlin, Esq., hereby certify and attest as follows:

1.     I am an attorney with Morgan & Morgan's Complex Litigation Group, and, together with co-counsel, I represent the above-referenced Plaintiffs.

2.     As part of my responsibilities in this case, I led a team of attorneys and paralegals in the task of identifying the entity responsible for the disclosure of Covered Persons' and Individual Plaintiffs' Protected Information on the website referenced in the case caption

(hereinafter, "Defendant Website"), as well as the address or addresses at which the responsible entity or its registered agents could be served with process.

3.    My team diligently searched for the responsible entity and the addresses at which it could be served by reviewing the entirety of the websites associated with the Defendant Website, including but not limited to the Contact, About Us, Terms of Use, and Privacy Policy pages.

4.    Despite a thorough review of the Defendant Website, my team was unable to identify a responsible entity or an address at which the responsible entity could be served.

5.    My team thereafter conducted a diligent search for information that would identify the entity responsible for the content of the Defendant Website, including a search for all words reasonably likely to relate to the Defendant Website using (among others):

   a.  Google.com,
   b.  Opencorporates.com (a legal-entity search engine),
   c.  Linkedin.com,
   d.  The United States Patent and Trademark Office trademark database,
   e.  The Internet Corporation for Assigned Names and Numbers (ICANN) registration data lookup tool,
   f.  The applicable Secretary of State business-entity registry (or equivalent) for every state with a potential relationship to the website as indicated based on the above searches.

6.    Additionally, my law firm enlisted the services of an independent investigator for the purpose of identifying any entity responsible for the Defendant Website using alternate means.

7.    Despite the considerable efforts described above, Plaintiffs have to this date been unable to identify the entity responsible for the Defendant Website or a physical address at which the entity may be properly served.

8.    Plaintiffs have since expended additional efforts to identify the entity responsible for the Defendant Website by using the ICANN registration data lookup tool to identify the entities responsible for initiating and maintaining the registration of the Defendant Website in the hopes

that, by subpoenaing those entities for information about the entities ultimately responsible for the content of the Defendant Website, Plaintiffs would be able to discover the responsible entity and an address at which it may be properly served. To date, none of the subpoenas have returned usable information that reliably identifies the entity ultimately responsible for the contents of the Defendant Website or an address at which the entity or its registered agents may be properly served.

9.     Because Plaintiffs have been unable to identify any reliable entity or address information at which Defendant may be served despite their exhaustive efforts as described above, Plaintiffs respectfully request that this Court find that the Defendant has deliberately evaded service of process.

10.     Because Defendant has deliberately evaded service of Process, Plaintiffs hereby request that this Court authorize Plaintiffs to serve process on the Defendant by sending a copy of the Summons and Complaint via electronic mail to an email address currently listed as a point of contact with the person or entity responsible for any website that is the subject of this action. If no email address is currently listed as a point of contact with the person or entity responsible for any website that is the subject of this action, Plaintiffs hereby request that this Court authorize Plaintiffs to serve process via email to the Domain Registrar Proxy Service with whom the website is registered.

Respectfully Submitted,

MORGAN & MORGAN

_____
Ross F. Berlin, Esq.

Dated: November 18, 2024

# EXHIBIT A

AFFIDAVIT OF SERVICE

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, MIDDLESEX COUNTY

ATLAS DATA PRIVACY CORPORATION,
as assignee of individuals who are Covered Persons, et al.,

       Plaintiff,

                                 DOCKET NO.: MID-L-898-24

ALLPEOPLE.COM, RICHARD ROES 1-10,
fictitious names of unknown individuals and
ABC COMPANIES 1-10, fictitious names of
unknown entities,

       Defendants.

| | |
|---|---|
| STATE OF DELAWARE | } |
| | }ss. |
| COUNTY OF NEW CASTLE | } |

I, John Garber, of Parcels Inc., the State of Delaware, County of New Castle, being duly sworn, say that on the 30th day of May, 2024 at 11:45 a.m., I personally served a copy of SUBPOENA DUCES TECUM with supporting documents on **Domains by Proxy, LLC**, by serving the registered agent, Corporation Service Company, 251 Little Falls Drive Wilmington, DE 19808.

Name of individual accepting service: Lynanne Gares, Litigation Management Services Leader. Description of individual: Caucasian female, 35-40 yrs. old, 150 lbs., 5'5" with brown hair.

                                 _____
                                     John Garber

Subscribed and sworn before me
This 30th day of May, 2024

_____
Notary Public
My commission expires: _____

# EXHIBIT B

## **RETURN OF NON-SERVICE**

### UNITED STATES DISTRICT COURT
Middlesex District of New Jersey

Case Number: MID-L-000898-24

Plaintiff:
**ATLAS DATA PRIVACY CORPORATION, as assignee of individuals
who are Covered Persons, et al.**

vs.

Defendant:
**ALLPEOPLE.COM, RICHARD ROES 1-10, fictitious names of unknown
individuals and ABC COMPANIES 1-10, fictitious names of unknown
entities**

For:
RAJIV D. PARIKH, ESQ.
PEM Law, LLP
1 Boland Dr, Ste 101
West Orange, NJ 07502

Received by Emerald City Legal Support Service, Inc. to be served on **ALLPEOPLE.COM c/o THOMAS
LINDSEY, 3984 ONYX ST, EUGENE, OR 97405.**

I, Bo Helikson, do hereby affirm that on the **25th day of October, 2024** at **2:17 pm, I:**

**DISCONTINUED ATTEMPTING SERVICE** of the **SUMMONS; COMPLAINT; CASE INFORMATION
STATEMENT; TRACK ASSIGNMENT NOTICE; DOCUMENT PRESERVATION LETTER; FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS; and FIRST SET OF INTERROGATORIES** for the
reason that I failed to find **ALLPEOPLE.COM c/o THOMAS LINDSEY** or any information to allow further
search.  Read the comments below for further details.

**Additional Information pertaining to this Service:**
10/25/2024  2:17 pm  Attempted service at 3984 ONYX ST, EUGENE, OR 97405. Per Mary Bessler, the
mother of the property owner, a white female approx 50 years of age, 5'3" in height, weighing 170 lbs, with
brown hair, her son purchased the property last year from Thomas Lindsey. No forwarding information
known.

I certify that I am a competent person, over the age of 18, a resident of the State of Oregon, not a party or
an officer, director, or employee of, nor an attorney for any party, corporate or otherwise.

_____

**Bo Helikson**

**Emerald City Legal Support Service, Inc.
1358 Oak St.,  Suite 2
Eugene, OR 97401
(541) 653-9497**

Our Job Serial Number: EME-2024005544
Ref: 6991737

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a



# EXHIBIT C

No *Shepard's* Signal™
As of: November 14, 2024 2:23 AM Z

## *252 Main NM, LLC v. Heywang*

Superior Court of New Jersey, Chancery Division, Bergen County

February 12, 2020, Decided

DOCKET NO. F-005512-19

**Reporter**
2020 N.J. Super. Unpub. LEXIS 449 *

252 MAIN NM, LLC, Plaintiff, v. JOHN R. HEYWANG, LAURA HEYWANG, and AMERICAN EXPRESS CENTURION BANK, Defendants.

**Notice:** NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE COMMITTEE ON OPINIONS.

PLEASE CONSULT NEW JERSEY *RULE 1:36-3* FOR CITATION OF UNPUBLISHED OPINIONS.

## Core Terms

email, service by publication, summons, messaging, diligent, notice, modes, mail, service of process, effective

**Counsel:** [*1] Glenn R. Reiser, for plaintiff (LoFaro & Reiser, L.L.P., attorneys).

**Judges:** BEDRIN MURRAY, J.T.C.

**Opinion by:** BEDRIN MURRAY

## Opinion

Before the court is a motion filed by 252 Main NM, LLC ("plaintiff"), seeking an order authorizing substituted service of the summons and complaint on John R. Heywang ("defendant") by Facebook Messenger, email, and text messaging in lieu of service by publication, and allowing service of all subsequent pleadings in the same manner. Also, plaintiff asks the court to deem defendant served with the summons and complaint on the dates they were purportedly transmitted to defendant by these three modes. This motion is unopposed. For the reasons set forth below, plaintiff's motion is granted in part and denied in part.

BEDRIN MURRAY, J.T.C. (temporarily assigned)

I. *Findings of Fact*

On March 21, 2019, plaintiff filed a complaint to foreclose a tax sale certificate affecting commercial property commonly known as 252 Main Street, New Milford, New Jersey. The property is jointly owned by defendant and co-defendant Laura Heywang.[1] Ms. Heywang's contesting answer was stricken on December 9, 2019.

Plaintiff's counsel, Glenn R. Reiser, made a number of inquiries to ascertain defendant's residence in order [*2] to effect service of process, as outlined with specificity in his affidavit. In brief, an internet search indicated that defendant resided at 328 Ogden Avenue, Teaneck, New Jersey, but service at this address was unsuccessful. The process server reported defendant had moved and left no forwarding information. A skip trace search was ordered, again citing the Teaneck address.

An Open Public Records Act request submitted to the County of Bergen for disclosure of defendant's voter registration records indicated defendant resided at the Teaneck address. An inquiry to the New Jersey Motor Vehicle Commission yielded the same result. It is noteworthy that defendant's Abstract of Driver History Record indicates he paid a restoration fee on June 11, 2019, thereby restoring his New Jersey driving privileges. Nevertheless, plaintiff's counsel at some point discovered the Teaneck property once owned by defendant was sold at a foreclosure sale on June 29, 2018. Defendant was evicted from the premises on or about January 2019.

---

[1] According to plaintiff, Ms. Heywang is believed to be defendant's estranged spouse.

2020 N.J. Super. Unpub. LEXIS 449, *2

Plaintiff retained the services of another process server to serve defendant at an alternate address in Cliffside Park, New Jersey. The record does not indicate defendant's [*3] connection with this address. In any event, the process server reported defendant did not reside at this address, nor did he own the property.

In addition, plaintiff's counsel sought the assistance of the Division of Veterans Services in Bergen County to determine if defendant, a veteran, was receiving local services. The Division responded defendant was not a client.

Having exhausted traditional modes to locate defendant, plaintiff's counsel resorted to Facebook and discovered an account for a John Heywang. The photographs on the Facebook page depict the same individual as one featured in a recent news article regarding defendant. Further, the page notes he lives in Cancun and is from Teaneck, New Jersey. Undoubtedly, the Facebook account belongs to defendant. His only post, however, is dated February 6, 2016.[2] On September 10, 2019, plaintiff uploaded the summons and complaint through Facebook's instant messaging system. The message was not rejected but no response followed.

In addition, plaintiff provided his counsel with defendant's cell phone number. A voicemail message at that number asked that a message be left for John R. Heywang. Plaintiff's counsel provided his telephone number, [*4] advising defendant that he needed his current address in order to send him a foreclosure complaint. The telephone call was not returned. Plaintiff's counsel also texted a copy of the summons and complaint to defendant's cell phone number, receiving no response. Finally, plaintiff obtained three email addresses for defendant from Spokeo.com, and emailed the summons and complaint to all three. One email was rejected. There was no response to the other two emails.

Plaintiff also offers that the subject property is currently being marketed for rent through a Dumont, New Jersey realtor. Plaintiff's counsel asked the listing broker for a copy of the listing agreement, hoping it would reveal defendant's current address. The broker agreed to provide same but failed to follow through or respond to

a subsequent email sent on October 4, 2019. The record is silent as to whether an effort was made to obtain defendant's current address from Ms. Heywang.

Plaintiff now asks the court to deem service of the summons and complaint by Facebook, email, and text messaging effective as of the dates of transmission by these modes, as well as to permit service of all other pleadings in the same manner.

II. *Conclusions [*5] of Law*

*R. 4:4-4(a)* provides "[t]he primary method of obtaining in personam jurisdiction over a defendant in this State" is by personal service of the summons and complaint as set forth in *R. 4:4-3*. In the event personal service cannot be made pursuant to *R. 4:4-4(a)*, in personam jurisdiction may be obtained by substituted or constructive service as set forth in *R. 4:4-4(b)*, namely (1) by mail or personal service outside the State; (2) as provided by law; or (3) if service cannot be made by any of the other modes, by court order, consistent with due process of law. *R. 4:4-4(c)* provides for optional mailed service.

In addition, "in actions affecting specific property, or any interest therein, or any res within the jurisdiction of the court", where service cannot be made within the State despite diligent inquiry, then other modes of service may be used. *R. 4:4-5*. The permissible modes are by personal service outside the State, by mail, by publication of a notice once in a newspaper published in the county in which venue is laid,[3] or as provided by court order. *Id.* at *subsection (a)*.

Here, the court is satisfied plaintiff's counsel exercised all reasonable means to determine defendant's whereabouts, thereby satisfying the "diligent inquiry" standard for service [*6] by publication enunciated in *Modan v. Modan, 327 N.J. Super. 44, 742 A.2d 611 (App. Div. 2000)*. Judge Kimmelman, writing for the court, surveyed other jurisdictions to determine the

---

[2] It is unknown if defendant's Facebook page contains more recent posts. Plaintiff's submission contains only the 2016 post.

[3] The required content of the notice is set forth in *R. 4:4-5(a)(3)(A), (B), (C)*, and *(D)*. The Rule further requires within seven days of publication, a copy of the notice and complaint must be mailed "to the defendant's residence or the place where the defendant usually receives mail, unless it shall appear by affidavit that such residence or place is unknown, and cannot be ascertained after inquiry as herein provided. . . ." *Id.* at *subsection (a)(3)*.

2020 N.J. Super. Unpub. LEXIS 449, *6

"outer limits of what constitutes due diligence" in deciding whether to allow service by publication. *Id. at 48* (citing *Carson v. Northstar Development Co., 62 Wn. App. 310, 814 P.2d 217, 221 (1991)* ("a plaintiff need not exhaust all conceivable means of personal service before service by publication is authorized. A plaintiff need only follow up on that information possessed by plaintiff which might reasonably assist in determining defendant's whereabouts."); (*Abreu v. Gilmer, 115 Nev. 308, 985 P.2d 746, 749 (Nev. 1999)* ("due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant.")).

Having concluded service by publication is appropriate in this matter, the court turns to the gravamen of plaintiff's argument--that service by Facebook, email, and text messaging as opposed to publication will ensure defendant receives due notice of the pending action. Plaintiff relies on *Modan v. Modan, supra, 327 N.J. Super. 44* in support of its request for service of process by email. There, the plaintiff submitted an affidavit of diligent inquiry in an effort to obtain a court order for service by publication. He failed to note, however, the defendant was living in Pakistan and regularly emailed him. **[*7]** In reversing the trial court's denial of the defendant's motion to vacate default, the court held had the plaintiff revealed in his affidavit of diligent inquiry that he knew an email address where the defendant could be reached, "then it would have been apparent that a method was available to plaintiff for reasonably effecting actual notice to [her] *in addition to the jurisdictional requirement of service by publication*." (Emphasis supplied). *Id. at 49*.

In *K.A. v. J.L., 450 N.J. Super. 247, 161 A.3d 154 (Ch. Div. 2016)* the court held service by Facebook without resorting to publication was appropriate where the parents of a minor child sought to enjoin the defendant, a stranger, from communicating with them and their son by Facebook and Instagram. In short, the defendant persistently posted that the minor child was adopted and he was the biological father. He repeatedly posted the child's photograph on his Facebook page, holding him out as his son, and made friend requests to the plaintiff's family members. Certified mailings to the defendant in Pennsylvania were returned undelivered, while regular mailings were not returned. The court concluded "the nature of the relief sought, an injunction to prohibit contact, makes newspaper publication futile" citing **[*8]**

*R. 4:4-5(a)(3)*. *Id. at 253*. In holding that service by Facebook was consistent with due process, the court noted the "Facebook and Instagram accounts are the sole conduits of the purported harm" (citing *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)* ("[A] fundamental requirement of due process . . . is notice, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.")). Further, the defendant's recent activity on Facebook evidenced the account was active, making it likely the documents would be received.

These cases are distinguishable from the instant matter. Here, the only post on defendant's Facebook page is dated February 6, 2016. Unlike the defendant in *K.A. v. J.L., supra, 450 N.J. Super. 247*, there is no recent activity to suggest that service by this mode alone would be effective. Although the summons and complaint uploaded through Facebook's Instant Messenger system on September 10, 2019 were not rejected, neither did they elicit a response. Also, in *K.A.* the alleged harm was inflicted solely through the defendant's active Facebook and Instagram accounts. The court concluded that as injunctive relief was warranted, service by publication would be ineffective as opposed **[*9]** to service by Facebook, which was certain.

Likewise, in *Modan v. Modan, supra, 327 N.J. Super. 44*, service by email was guaranteed to be effective, as the plaintiff had received a number of emails from the defendant at the time the complaint was filed. Even so, the court concluded service by email should have been made in addition to service by publication. *Id. at 49*. There is no such guarantee of service in this case. As with plaintiff's attempts to serve the documents by Facebook Messenger, communication by email and text was a one-way street. Of note is the absence in the record of an email or text from defendant to a third party other than plaintiff that would serve to validate any of these accounts.

In addition, the record suggests defendant visits or resides, or otherwise maintains contacts in the State of New Jersey. He resided in his Teaneck, New Jersey residence as recently as January 2019, at which time he was evicted as a result of an earlier foreclosure action. On June 11, 2019, defendant paid a restoration fee to the New Jersey Motor Vehicle Commission to restore his

2020 N.J. Super. Unpub. LEXIS 449, *9

driving privileges. It follows that a notice placed in a Bergen County newspaper may come to defendant's attention.

In sum, it is almost certain that secondary **[*10]** service of process by social media will, in the near future, be the norm rather than the exception. Yet, it is equally certain due process will require such service to comport with the "reasonably calculated, under all the circumstances, to apprise" standard in *Mullane, supra, 339 U.S. at 314*. Given the facts in this matter, the court cannot conclude plaintiff's service of the summons and complaint through social media alone satisfies defendant's due process rights. As an aside, the court notes plaintiff did not apply for a court order pursuant to *R. 4:4-4(b)(3)* allowing service of process by social media before resorting to these modes. Rather, plaintiff asks the court to approve such service retroactively.

Based on the foregoing, plaintiff's request to deem service of process on defendant effective as of September 10, 2019 and September 11, 2019 is denied. Service of process shall be made by publication. As the court is satisfied that defendant's residence is unknown, and that the Facebook account belongs to him, a copy of the required notice and complaint shall also be sent to defendant through Facebook Messenger. In addition, unless and until defendant acknowledges service and provides a mailing address, subsequent pleadings **[*11]** and documents shall be served by Facebook Messenger. An order accompanies this opinion.

---

**End of Document**

# EXHIBIT D

# SUPREME COURT OF NEW JERSEY

The New Jersey Department of Health (NJ DOH) and the Centers for Disease Control and Prevention (CDC) have recommended taking all possible steps to avoid person-to-person contact during the COVID-19 coronavirus pandemic.

The Judiciary continues to follow the guidance of the NJ DOH and CDC by modifying and relaxing court operations to minimize the risk of spreading the COVID-19 virus.

Accordingly, it is ORDERED that effective immediately and until further order, pursuant to N.J. Const., Art. VI, sec. 2, par. 3, the provisions of Rule 4:4-4(a)(7) of the Rules Governing the Courts of the State of New Jersey are relaxed and supplemented so as to permit electronic service of process by email on the State of New Jersey.

For the Court,

Chief Justice

Dated: April 7, 2020

**PEM LAW LLP**
Rajiv D. Parikh, Esq. (032462005)
Jessica A. Merejo, Esq. (288592020)
Thomas R. Kraft, Esq. (384852022)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
Email: rparikh@pemlawfirm.com
          jmerejo@pemlawfirm.com
          tkraft@pemlawfirm.com

*Attorneys for Plaintiffs*

**MORGAN & MORGAN**
John A. Yanchunis, Esq. (*pro hac vice* to be filed)
Ross F. Berlin, Esq. (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: (813) 223-5505
Email: jyanchunis@forthepeople.com
          ross.berlin@forthepeople.com

FILED

December 11, 2024

HON. BRUCE J. KAPLAN, J.S.C.

---

ATLAS DATA PRIVACY CORPORATION,
*as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2*, a law enforcement officer*, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,

Plaintiffs,

v.

ALLPEOPLE.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,

Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MIDDLESEX COUNTY
DOCKET NO.: MID-L-898-24

**CIVIL ACTION**

**ORDER DENYING REINSTATEMENT AND SUBSTITUTION OF SERVICE**

---

**THIS MATTER**, having been brought before the Court on the application of PEM Law LLP and Morgan & Morgan, attorneys for Plaintiffs, for an Order: (i) to reinstate the Complaint pursuant to R. 1:13-7(a); and (ii) to permit alternative service of the Complaint pursuant to R. 4:4-4(b)(3); and the Court having read and considered the papers submitted in this matter, and good cause having been shown;

**IT IS** on this 11th day of December 2024,

**ORDERED** that Plaintiffs' Motion to Reinstate and Motion for Substitution of Service **is hereby DENIED**; and it is further

**ORDERED** that service of this Order shall be deemed effectuated upon all parties upon its upload to eCourts.  Pursuant to <u>Rule</u> 1:5-1(a), movant shall serve a copy of this Order on all parties not served electronically within seven (7) days of the date of this Order.

/S/ *Bruce J. Kaplan*

HONORABLE BRUCE J. KAPLAN, J.S.C.

UNOPPOSED

## STATEMENT OF REASONS:

This matter comes before the Court by way of Plaintiffs' Motion to Reinstate. Present in the same is Plaintiffs' request for substituted service on Defendant. The Court has read and considered the papers submitted in this matter.

By way of relevant procedural history, Plaintiffs filed their Complaint on February 8, 2024. In June of this year, Plaintiffs received a lack of prosecution dismissal warning, and on August 26, 2024, their claim was dismissed without prejudice under <u>R</u>. 1:13-7 or <u>R</u>. 4:43-2. On November 18, 2024, Plaintiffs filed the current Motion.

The Court acknowledges the challenges Plaintiffs have encountered in attempting to effectuate service upon the Defendant. However, after due consideration, the Court finds the Motion must be denied.

Plaintiffs obtained the name of Mr. Thomas Lindsey through a subpoena issued to Domains by Proxy LLC and subsequently attempted service upon him. At the time of the attempted service, the process server was informed that Mr. Lindsey no longer resides at the address provided. Notwithstanding this information, Plaintiffs' efforts to locate Mr. Lindsey appear to have ceased at that point.

It is the Court's determination that Plaintiffs have not pursued a reasonable and diligent inquiry into Mr. Lindsey's whereabouts. R. 4:4-5; see also U.S. Bank Nat. Ass'n v. Curcio, 444 N.J. Super. 94, 102-03 (App Div. 2016). Specifically, Plaintiffs have failed to provide evidence of a search of public records or any inquiry through the United States Postal Service regarding a possible forwarding address for Mr. Lindsey.

Given the absence of these efforts, the Court cannot find that the Plaintiffs have made sufficient attempts to locate the Defendant. Therefore, the Motion is hereby denied, with the expectation that Plaintiffs will continue their search and refile the motion only upon demonstrating a further, diligent attempt to locate Mr. Lindsey.



Genova Burns LLC
494 Broad Street, Newark, NJ 07102
Tel: 973-533-0777  Fax: 973.814.4045
Web: www.genovaburns.com
Affiliated with Genova Burns LLP

James M. Burns, Esq.
Managing Partner
Member of NJ Bar and DC Court of Appeals
Jburns@GenovaBurns.com
Direct Dial/Fax:  973.535.7101

February 24, 2025

**VIA E-COURT FILING**
Superior Court of New Jersey
Middlesex County
56 Paterson Street
New Brunswick, NJ 08903

**Attention:  Clerk**

Re:  **Atlas Data Privacy Corp., et als v. AllPeople, et als**
     **Docket No.:   MID-L-000898-24**

Dear Sir/Madame:

        Attached please find the Notice of Lien on behalf of Genova Burns LLC.

                    Respectfully submitted,

                    **GENOVA BURNS LLC**


                    *s/James M. Burns*
                    JAMES M. BURNS

JMB:tt
Encl.
c:      all counsel of record, via e-court filing


17720404v1

Newark, NJ   •   New York, NY   •   Lambertville, NJ   •   Media, PA   •   Jersey City, NJ   •   Basking Ridge, NJ

**GENOVA BURNS LLC**
James M. Burns, Esq. (012691982)
494 Broad Street, 6th Floor
Newark, New Jersey 07102
Telephone: (973) 533-0777
Fax: (973) 814-4045
*Attorneys for Plaintiff/Counterclaim Defendant,*
*Atlas Data Privacy Corp.*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> ALLPEOPLE.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendant/Counterclaim Plaintiff | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY <br><br> DOCKET NO.: MID-L-898-24 <br><br> **CIVIL ACTION** <br><br> **NOTICE OF LIEN ON BEHALF OF GENOVA BURNS, LLC** |

PLEASE TAKE NOTICE as follows:

1.  Genova Burns LLC represented Plaintiff/Atlas Data Privacy Corporation in the above matter. Genova Burns was substituted out as counsel for Plaintiff/Atlas Data Privacy Corporation.

2.  Genova Burns LLC hereby asserts and has a lien for legal fees and costs rendered to Plaintiffs in the above-entitled action pursuant to NJSA 2A:13-5 and applicable case law. Because the firm has a lien and the amount of our share of the legal fees and costs will be determined after a recovery in this action, the defendants are put on notice that any settlement check (s) should be payable to counsel of records and Genova Burns LLC, as lienholder.

3.    Further, we hereby direct that other than distributions made to Genova Burns LLC pursuant to paragraph 2 above, no other monies be paid or assets or things be provided directly to Atlas Data Privacy Corporation or Atlas Data Privacy Corporation's heirs, attorneys, representatives, successors and assigns until the amount of our lien has been fixed by a Court Order.

GENOVA BURNS LLC

BY: __*s/James M. Burns*_____
       JAMES M. BURNS, ESQ.

Dated: February 24, 2025

## <u>CERTIFICATION OF SERVICE</u>

On February  24, 2025, I filed the foregoing NOTICE OF LIEN with the clerk of court for the Superior Court of New Jersey, via the Court's ECourts system, which caused a copy of the foregoing to be served on all counsel of record.

*s/James M. Burns*
JAMES M. BURNS

17720857v1

**PEM LAW LLP**
Rajiv D. Parikh, Esq. (032462005)
Victor Andreou, Esq. (295502021)
Jessica A. Merejo, Esq. (288592020)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
Email: rparikh@pemlawfirm.com
        vandreou@pemlawfirm.com
        jmerejo@pemlawfirm.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, <br><br> Plaintiffs, <br><br> v. <br><br> CYBO COMPANY, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION – MIDDLESEX COUNTY <br> DOCKET NO.: MID-L-898-24 <br><br> **CIVIL ACTION** <br><br><br> **FIRST AMENDED COMPLAINT** |

Plaintiffs, Atlas Data Privacy Corporation ("Atlas"), *as assignee of individuals who are Covered Persons*; Jane Doe-1 and Jane-Doe 2, *law enforcement officers*; Scott Maloney; Justyna Maloney; Patrick Colligan; Peter Andreyev; and William Sullivan (hereinafter and collectively, the "Plaintiffs"), by and through counsel, PEM Law LLP hereby submit this First Amended Complaint against Defendants and state as follows:

## INTRODUCTION

1.      In these tumultuous times, it is critical that the most sensitive personal information of current and former public servants be protected from unwarranted disclosure.  As set forth below,

Daniel's Law was passed unanimously by our Legislature to provide judges, law enforcement officers, and prosecutors—and their families—with the right to prevent the disclosure of their home addresses and unpublished home telephone numbers, and to enforce those rights against uncooperative profit-seeking data brokers.

2.      This complaint seeks to protect those important rights against companies brokering data and choosing profit and commercial gain over a critical public interest and the unequivocal mandate of the law.  Companies in the business of disclosing this protected information have avoided accountability for far too long, proffering such information, including home addresses and unpublished home telephone numbers, without sufficient regard for the risks and consequences imposed upon individuals who serve (and have served) critical judicial and law enforcement roles.

3.      The Legislature and Governor unanimously agree that the basic safety of those who serve—and their families—must be assured.  Here, not only do the data brokers wantonly and repeatedly disregard the law, but they also demonstrate a callousness towards the well-being of these public servants.  Our judges, law enforcement officers, and prosecutors should receive the full measure of protection afforded to them under the same laws they enforce for the safety of all citizens.

4.      With this action, Plaintiffs seek to enforce the important rights granted to judges, law enforcement officers, and prosecutors under Daniel's Law.  Consistent with the statutory scheme, Atlas brings this action as an assignee for certain individuals, including many family members of law enforcement officers and prosecutors.  Plaintiffs seek all available injunctive relief and statutory damages, including to prevent any further disclosure by Defendants of information in violation of Daniel's Law.

## **BACKGROUND**

### **Passage of Daniel's Law in New Jersey**

5.        In July 2020, Daniel Anderl, the son of a New Jersey federal Judge, was murdered by a gunman posing as a FedEx delivery man at the front door of the family's New Jersey home. Daniel, who was just 20 years old and a rising junior in college, and who aspired to practice law like his parents, took a bullet to his chest trying to protect his parents. By the time his mother, a Judge, came to the door to check on what happened, the killer had fled. But her husband was critically wounded, and Daniel tragically died from the gunshot.

6.        During the investigation, the perpetrator was found to have certain political and personal grievances against the Judge, and he went to their home that day intending to kill her. Investigators eventually connected this attack with the same perpetrator's shooting of an attorney in California, who was similarly mortally gunned down answering the door to his residence to pick up a supposed package from the same disguised gunman. Authorities concluded that the shooter was disgruntled over certain legal cases with similar political and legal issues to the case that was pending before Daniel's mother.

7.        Critically, the gunman was able to find the home addresses of his murder victims through the various people finder resources available on the internet,[1] the same kind of data broker services at issue in this case.

### **New Jersey Passes Daniel's Law in 2020**

8.        In response to Daniel's murder, New Jersey swiftly enacted Daniel's Law in November 2020. P.L. 2020, c. 125 codified in N.J.S.A. 47:1A-1, et seq. and N.J.S.A. 56:8-166.1. Daniel's Law allows current and former public servants—including judges, law enforcement

---

[1] https://www.cbsnews.com/news/esther-salas-son-murder-roy-den-hollander-48-hours/.

3

officers, and prosecutors—and their eligible family members (i.e., "Covered Persons") to send written nondisclosure requests to data brokers. Once a 10-business day period following such a request has passed, the data broker is prohibited from disclosing or otherwise making available the name and home address or unpublished home telephone number of the Covered Person. Law enforcement personnel are expressly covered by the statute, in full recognition that the public service they provide is no less dangerous or important than those of judges and prosecutors.

9.      Any such Covered Person may request that a data broker not "disclose or re-disclose on the Internet or otherwise make available" their home addresses or unpublished home telephone numbers. Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

10.     Data brokers must cease disclosure of this protected information within 10 business days of receiving a written nondisclosure request from a Covered Person.

11.     To facilitate the enforcement of Daniel's Law, the New Jersey Legislature expressly provided that an enforcement action could be brought by a Covered Person or by the Covered Person's assignee.  N.J.S.A. 56:8-166.1(b).

**Congress Passes Daniel Anderl Judicial Security and Privacy Act in 2022**

12.     Similar to the actions taken by the State of New Jersey, federal judges such as U.S. Supreme Court Chief Justice John G. Roberts Jr. proposed and supported a federal version of Daniel's Law. The Chief Justice was quoted stating, "[t]he law requires every judge to swear an

oath to perform his or her work without fear or favor, but we must support judges by ensuring their safety . . . [a] judicial system cannot and should not live in fear."[2]

13.     The federal bill, which had broad bipartisan support in both the House and Senate, protected the personally identifiable information of judges and their immediate family from disclosure by data brokers. It also allowed federal judges to redact their personal information displayed on federal government websites.

14.     In December 2022, the U.S. Senate voted 83-11 to pass the annual defense authorization bill, with the Daniel Anderl Judicial Security and Privacy Act attached,[3] and it was signed by President Biden.[4]

## Violence Against Police Officers and Judges Has Not Stopped

15.     Despite these efforts, violence against judges, law enforcement officers, and prosecutors remains a continuing and serious threat.  These public servants put their lives on the line every day, which is clearly exhibited by the numerous horrific stories of violence beyond the murder of Daniel Anderl.  For example, in 2020, three shooters openly fired upon the Camden home of two New Jersey police officers while they were inside with their 10-day old infant.  That the officers were constantly involved in the community doing good afforded them no safety from the perpetrators.[5]  On the contrary, the officers were targeted specifically because they chose to go into public service and protect their community.

---

[2]     www.washingtonpost.com/politics/2022/12/31/supreme-court-roberts-leak-report/.
[3]     https://www.uscourts.gov/news/2022/12/16/congress-passes-daniel-anderl-judicial-security-and-privacy-act.
[4]     https://www.nj.com/politics/2022/12/biden-signs-defense-policy-bill-that-remembers-3-new-jerseyans.html.
[5]     https://www.forbes.com/sites/jemimamcevoy/2020/09/18/shooters-open-fire-on-home-of-new-jersey-police-officers-in-targeted-attack-chief-says/.

16.     More recently, another perpetrator hunted and killed in cold blood a Maryland Judge, after a child custody ruling.[6] The killing followed that of a Wisconsin Judge in 2022, where the perpetrator killed the retired Judge out of spite for his handling of a criminal case in 2005.[7]

17.     These violent incidents demonstrate the risk to public servants and their families resulting from the open sale and dissemination of their most personal information, including their home addresses and/or unpublished home telephone numbers.  These incidents also demonstrate the risk to the broader community should public officials be denied their statutory privacy rights. The risk that one might be violently targeted at their home may disincentivize individuals from pursuing a career in public service.  This undermines the public interest—as the State and federal governments have recognized in passing Daniel's Law and its federal counterpart.

## THE PARTIES

### The Individual Plaintiffs

18.     Plaintiff JANE DOE-1, whose name has been anonymized for safety reasons, is a decorated veteran police officer working in Northern New Jersey.  Between 2021 and 2022, Officer Doe-1 participated in a task force that targeted a major criminal organization operating in the state.  Her efforts ultimately led to the arrest and prosecution of a member of the organization's leadership, an individual with an extensive criminal history including threats of violence.  In the subsequent investigation, digital devices recovered from the organization's leadership were analyzed and photographs of Officer Doe-1's personal residence were identified.  Officer Doe-1 lives in the home with her spouse and their young child.  Evidence recovered in the investigation included night-time photography of the young child's bedroom and playroom windows, with the

---

[6] https://www.cnn.com/2023/10/20/us/maryland-judge-killing-investigation-andrew-wilkinson/.
[7] https://www.cnn.com/2022/06/04/us/wisconsin-judge-killed-targeted-attack/.

light on while the child was playing inside. Further investigation revealed that the criminal organization's leadership had hired a private investigator who searched online data broker websites to obtain the officer's home address. Having identified her home address, text messages confirmed that they had initiated surveillance and were tracking Officer Doe-1's movements to and from her home, immediately prior to the task force initiating arrests.

19.     Plaintiff JANE DOE-2, whose name has been anonymized for safety reasons, is a veteran correctional police officer who lives in Northern New Jersey with her husband and two young children. Earlier in her career, Officer Doe-2 was the subject of a death threat from a hostile inmate. The inmate stated that they intended to kill Officer Doe-2, and further implied that they would rely upon a particular private investigator to track down Officer Doe-2's home address to facilitate the murder. This death threat was investigated and considered credible enough to result in a successful criminal prosecution. Part of Officer Doe-2's current duties include working in her correctional facility's law library, where inmates have access to the Internet including online data broker websites and services. Recently Officer Doe-2 and her coworkers discovered a note left behind by an inmate which included the full name and home address of a young female member of the jail's administrative staff. The most effective ways to safeguard the security and privacy of their home addresses - for their own safety and that of their family members - is a frequent topic of discussion and concern among the correctional police officers working at Officer Doe-2's facility.

20.     Plaintiffs Sergeant SCOTT MALONEY ("Sergeant Maloney") and Officer JUSTYNA MALONEY ("Officer Maloney") are husband and wife, both veteran police officers currently serving with the Rahway, New Jersey Police Department. They live together in New Jersey with their two young children. In April of 2023, Officer Maloney responded to a routine

call of a suspicious individual outside the Motor Vehicle Commission in Rahway.  The individual was an online content creator who often solicits police contact and then films himself debating constitutional rights with the responding officers.  A subset of the content creator's audience is vocally anti-police and videos posted to his social media channel have historically been the source of harassment and intimidation campaigns directed at the officers involved.  In this case, Officer Maloney and several other responding officers were filmed discussing a number of legal issues with the content creator, including whether or not the content creator was required to take his hands out of his pockets to show that he was unarmed.  Overall, the encounter was routine and ended uneventfully.

21.     The resulting video footage was selectively edited and posted to YouTube.  Almost immediately upon the video being posted, Officer Maloney was targeted by followers of the channel and other individuals who viewed the video.  Sergeant Maloney was quickly identified by viewers as Officer Maloney's husband, and became a target himself, due to their relationship as a married couple and his own status as a police officer.  Web links to data broker websites publicly disclosing the Maloney family's home address and unpublished home telephone numbers were posted along with explicit death threats and calls for violence, resulting in dozens of threatening phone calls and text messages.

22.     One of the text messages sent to Sergeant Maloney demanded money and stated that if Sergeant Maloney did not comply then his family would "pay in blood."  The unknown messenger went on to state that they knew where the Maloneys lived and sent the full name and home address of one of the Maloneys' nearby relatives as proof of the messenger's ability to gather sensitive personal information.  Sergeant Maloney refused to comply with any demands.  He then received a video of three individuals in ski masks armed with handguns and assault rifles repeating

the extortion demand.  In part of the video, a masked individual points a rifle at the camera and tells Sergeant Maloney that his family is "going to get [their] heads cut off."

23.     Several weeks later, one of the Maloneys' neighbors observed two suspicious looking individuals in ski masks parked one block away from the home and alerted police.  Responding officers arrested two men - who were armed - for unlawful possession of a firearm.  Video surveillance captured by nearby houses shows the two men circling the Maloneys' house immediately prior to their arrest.  Officer Maloney and her two young children were at home at the time.

24.     Plaintiff Detective PATRICK COLLIGAN is a 32-year veteran of the Franklin Township police department in Somerset, New Jersey.  Since 2014, Detective Colligan has served as the President of the New Jersey State Policemen's Benevolent Association, representing more than 33,000 active law enforcement officers throughout the state.  During the course of his law enforcement career, he has received numerous threats of violence targeted at him and his family as a result of his public service.  The seriousness of certain threats necessitated the installation of a surveillance camera system and alarm system, and training for his spouse and children about how to respond in the event of an attack on their home.

25.     Plaintiff Officer PETER ANDREYEV is a 32-year veteran of the Point Pleasant, New Jersey police department.  Officer Andreyev currently services as the Executive Vice President of the New Jersey State Policemen's Benevolent Association, representing more than 33,000 active law enforcement officers throughout the state.  During the course of his law enforcement career, he has received numerous threats of violence targeted at him and his family as a result of his public service.  Officer Andreyev has counseled many other officers who have been the target of violent threats on ways to protect themselves and their family members from

harm. whose protected information has been discovered and has responded to specific incidents where protected information was used by ex-inmates to threaten, harass, or intimidate fellow officers.

26.    Plaintiff Officer WILLIAM SULLIVAN is an 18-year veteran of the New Jersey Department of Corrections.  Since 2020, Officer Sullivan has served as the President of New Jersey PBA Local 105, the labor union representing thousands of correctional police officers from the New Jersey Department of Corrections, the Juvenile Justice Commission, and State Parole.  During the course of his law enforcement career, he has received numerous threats of violence directed at him and his family as a result of his public service.  Inmates incarcerated within New Jersey's state prisons frequently attempt to discover the protected information of correctional officers working in their facility.  These attempts and the risks posed by such information being accessible on the Internet is a frequent topic of discussion and concern among correctional officers and their family members.  Officer Sullivan has counseled many officers whose protected information has been discovered and has responded to specific incidents where protected information was used by ex-inmates to threaten, harass, or intimidate fellow officers.

**Plaintiff Atlas and its Assignors**

27.    Plaintiff ATLAS DATA PRIVACY CORPORATION is a Delaware corporation, with offices at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.

28.    As permitted under Daniel's Law, Atlas asserts claims against Defendants as the assignee of the claims of approximately 18,533 individuals who are all "Covered Persons" under Daniel's Law (together, the "Covered Persons" and each a "Covered Person"), including a significant number of individuals who are family members of judges, law enforcement officers, and prosecutors.

29.     Each Covered Person is an (a) active, formerly active, or retired judicial officer, law enforcement officer, or child protective investigator in the Division of Child Protection and Permanency, or prosecutor, as those terms are defined in N.J.S.A. 47:1A-1.1; or (b) immediate family member residing in the same household as such judicial officer, law enforcement officer, child protective investigator in the Division of Child Protection and Permanency, or prosecutor. Thus, each individual meets the definition of "Covered Person" set forth in Daniel's Law, N.J.S.A. 56:8-166.1.

30.     Each Covered Person resides, works, previously resided or worked in New Jersey, or is a family member residing at the same address as such as a person, and has a claim or claims against Defendants for failing to comply with Daniel's Law.

31.     As set forth in more detail below, the Covered Persons (as well as the Individual Plaintiffs) each exercised their rights under Daniel's Law by sending Defendants a written notice requesting that Defendants cease disclosing or re-disclosing on the Internet or otherwise making available their protected information on one or more of Defendants' websites or through other methods of disclosure.

32.     Defendants have not complied with the law by ceasing the disclosure or re-disclosure on the Internet or the otherwise making available of protected information as required under Daniel's Law for each of the Covered Persons (as well as each of the Individual Plaintiffs) as required by the law.

33.     In accordance with Daniel's Law, each of the Covered Persons has assigned their rights for claims thereunder against Defendants to Atlas, in writing, as permitted under the statute. Such assignments expressly and "irrevocably assign to Atlas or a designated affiliate of Atlas (the 'Assignee') the exclusive right to civil enforcement of all claims" under Daniel's Law.

34.     Atlas provides an online platform, including an email service named AtlasMail, to law enforcement officers, prosecutors, judges, and other Covered Persons.  Atlas works with and provides access to its platform to members of the New Jersey State Policemen's Benevolent Association, the Metropolitan Transportation Authority Police Benevolent Association, New Jersey PBA Local 105, and the New Jersey State Troopers Fraternal Association, among others. The goal of these unions and associations, since the first passage of Daniel's Law in November 2020, has been to increase the safety and well-being of their members and their members' families by helping those members understand and assert the rights provided to them by the law.

35.     Upon signing up for Atlas, a Covered Person is asked a series of questions to collect required personal information and qualify his or her eligibility under Daniel's Law.  Once eligibility is confirmed, the Covered Person is shown a page explaining how the Atlas platform works:

## How Atlas Works

Daniel's Law allows you to send takedown notices to data brokers requesting that they not disclose or redisclose your home address or phone number. Atlas provides you with tools and services to help make the process more efficient.

1   **We identify** data brokers that may be disclosing your personal information. As of January 2024, our system tracks over 1,000 data brokers who operate in the United States.

2   **You select** the data brokers to whom you want to send takedown notices. We have lists of data brokers that we recommend, in order to make the selection process easier and more efficient. Alternatively, you can select recipients individually.

3   **You review** takedown notice templates. AtlasMail provides you with templates for takedown notice emails.

4   **You send** takedown notices. Your Atlas service includes an AtlasMail email address. You can use this email address to send takedown notices. More information about AtlasMail will be on the next screen.

Back                                                            Next

36.     AtlasMail is an email service operated by Atlas.  Upon signing up with Atlas, each law enforcement officer or other Covered Person receives their own AtlasMail account, with a unique inbox address (e.g. john.doe23@atlasmail.com) for their personal use.  A description of AtlasMail and more information about how the email service works are provided on a page during the signup process:



37.     Having provided personal information, confirmed their eligibility for Daniel's Law, and progressed through several pages explaining the functions of Atlas as a platform and AtlasMail as an email service, the Covered Person is then presented with a page on which he or she can review his or her home addresses and unpublished home telephone numbers, a nondisclosure request template, and a recommended list of data brokers to send notices to. On this page the Covered Person can choose whether or not to send nondisclosure requests. If the Covered Person

chooses not to send nondisclosure requests to the recommended list, they can select individual recipients at a later page (as shown in the example copied below). Here, each of the Individual Plaintiffs and Covered Persons sent Defendants a nondisclosure request.



38.      Any reply or response back from a data broker to the law enforcement officer or other Covered Person is received and displayed in their AtlasMail inbox.  AtlasMail is a fully featured email service provider, and its users can reply, forward, or use their AtlasMail account as they would any other email account:





**Redaction/Nondisclosure Request Confirmation**

| | |
|---|---|
| **To** | john.doe23@atlasmail.com |
| **From** | privacy@exampledatabroker.com |
| **Date** | Fri, Jan 26, 2024 8:14 PM |

Dear John,

Thank you for your redaction/nondisclosure request pursuant New Jersey law P.L. 2023, c.113, P.L.2021, c.371 (as amended, the "Act") and Section 3 of New Jersey P.L.2015, c.226 (C.56:8-166.1) (as amended, "Chapter 226"). We are writing to confirm that Example Data Broker Inc. will honor your request as required by the Act and Chapter 226.

Sincerely,

Example Data Broker Inc.

[ Reply ]   [ Forward ]

39.     With this lawsuit, Atlas seeks to enforce compliance with Daniel's Law for those Covered Persons.

40.     Because this lawsuit seeks to protect their privacy without unnecessarily putting those individuals in the spotlight, Atlas has not included the Covered Persons' personal information in this public filing. However, Atlas will work with the Court and Defendants to implement an appropriate protective order and then provide Defendants with the written assignments and

relevant information for each of the Covered Persons.  Our courts have already approved this privacy-protecting approach. [8]

**Defendants**

41.     Allpeople.com is a domain name and website that discloses or re-discloses on the Internet or otherwise makes available the home addresses and/or unpublished home telephone numbers of Covered Persons (the "Website").   The Website is owned and/or operated by defendants Cybo Company ("Cybo Company"), ABC Companies 1-10, and/or Richard Roes 1-10, an unknown entity (or entities) and/or individuals.

42.     Defendant Cybo Company is an Oregon corporation that has a principal place of business at 84451 Greengate Road, Florence, Oregon 97439, and transacts business within the State of New Jersey. Cybo Company discloses or re-discloses on the Internet or otherwise makes available the home addresses and/or unpublished home telephone numbers of Covered Persons.

43.     Defendants Richard Roes 1-10 and ABC Companies 1-10 (collectively with the defendants identified above referred to as the "Defendants") are fictitious names of currently unknown individuals/entities that were also involved with the violations described in this Complaint who have not yet been identified in part due to what appears to be intentional efforts by data brokers to conceal the specific entities involved and responsible for the disclosure of data and information, and individuals responsible for Defendants failures to comply with the law.

---

[8] For example, the Court recently held in another Daniel's Law action that allegations similar to those asserted here pleaded "sufficient facts to show that the assignors are covered persons under Daniel's Law," and "in fact have standing," noting the anticipated production of Covered Persons' information pursuant to an appropriate protective order. *Atlas Data Privacy Corp., v. Attom Data Solutions, LLC, et al.*, Docket No.: MER-L-273-24 (Law Div., June 20, 2024) (denying motion to dismiss).

44.    Defendants offer and engage in the disclosure of data and information through one or more websites or applications, or otherwise in New Jersey, and to businesses and individuals who operate or reside in New Jersey.  Those websites include: allpeople.com.

45.    In accordance with Defendants' business model, visitors, users, or customers may obtain a name and home address and/or a name and unpublished home telephone number (including the name and address and/or unpublished home telephone number of the Individual Plaintiffs and Covered Persons).  The following is a redacted example of the detailed information provided by Defendants,[9] in violation of Daniel's Law:

---

[9] Consistent with the mandate of Daniel's Law and the public policy considerations underpinning Rule 1:38-7, personal information in the search results has been redacted from the exemplar screenshots included herein.





46.     Daniel's Law was passed to protect public servants and their families from the

disclosure of this protected information by such services, which disclose such information of the

Individual Plaintiffs and Covered Persons for their own commercial interests, without sufficient

regard to the risks and consequences imposed on individuals.

## JURISDICTION AND VENUE

47.     This Court has jurisdiction because the parties reside and/or conduct business in

New Jersey, along with the Covered Persons, and the unlawful actions complained of herein

occurred in New Jersey.

48.     Venue is proper pursuant to R. 4:3-2, in that Middlesex County is the county in

which one or more of the parties and/or Covered Persons reside and/or conduct business.   In

addition, many of the events giving rise to this action occurred in this County.

## FACTS COMMON TO ALL COUNTS

49.    As set forth above, New Jersey enacted Daniel's Law in November 2020 (P.L. 2020, c. 125 codified as N.J.S.A. 47:1A-1, et seq. and N.J.S.A. 56:8-166.1, et seq.).

50.    Daniel's Law prohibits data brokers from disclosing or re-disclosing on the Internet or otherwise making available the home addresses or unpublished home telephone numbers of covered persons as defined in the law, upon a written request by those individuals.

51.    Upon notification, and no later than 10 business days after receipt, a data broker must not disclose or re-disclose on the Internet or otherwise make available the home addresses or unpublished home telephone numbers of the covered person.

52.    This includes a mandate that within 10 business days of receiving a nondisclosure request, the data broker shall not disclose the protected information of the covered person. Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

53.    Daniel's Law was amended in 2023, as P.L. 2023, c. 113.  The amendment was passed unanimously by the Assembly on May 25, 2023, by the Senate on June 20, 2023, and was thereafter signed by the Governor on July 20, 2023.

54.    Certain provisions of the amended law, including changes to N.J.S.A. 56:8-166.1, et seq., went into effect immediately.

55.    As of July 20, 2023, Daniel's Law as codified in N.J.S.A. 56:8-166.1 provided:[10]

3.a. (1) Upon notification pursuant to paragraph (2) of this subsection, and not later than 10 business days following receipt thereof, a

_____

[10] https://pub.njleg.state.nj.us/Bills/2022/PL23/113_.PDF

21

person, business, or association shall not disclose or redisclose on the Internet or otherwise make available, the home address or unpublished home telephone number of any covered person, as defined in subsection d. of this section.

    b. A person, business, or association that violates subsection a. of this section shall be liable to the covered person, or the covered person's assignee, who may bring a civil action in the Superior Court.

    c. The court shall award:

    (1) actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act;

    (2) punitive damages upon proof of willful or reckless disregard of the law;

    (3) reasonable attorney's fees and other litigation costs reasonably incurred; and

    (4) any other preliminary and equitable relief as the court determines to be appropriate.

    d.  For the purposes of this section:

    . . . "Disclose" shall mean to solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

56.    Starting on or about December 29, 2023, each of the Individual Plaintiffs and all of the Covered Persons (who assigned claims to Atlas) sent Defendants written nondisclosure requests (via email) in accordance with Daniel's Law, using AtlasMail.

57.    For example, a true and correct copy of the email directly from Plaintiff Andreyev (with personal information redacted) is pasted here:

## Data Subject Request – Redaction/nondisclosure Request

To          webmaster@allpeople.com
From        Peter Andreyev <███████████@atlasmail.com>
Date        Fri, Dec 29, 2023 4:13 PM

Allpeople
December 29, 2023

To Whom It May Concern:

I am a "Covered Person" as defined by New Jersey law P.L. 2023, c.113, P.L.2021, c.371 (as amended, the "Act"). Pursuant to the Act and Section 3 of New Jersey P.L.2015, c.226 (C.56:8-166.1) (as amended), I hereby request that you not disclose or re-disclose on the Internet or otherwise make available, the following protected information:

Name: Peter Andreyev

Home Address: ████████████████████████

Sincerely,
Peter Andreyev

58.     Defendants failed to cease the disclosure or re-disclosure on the Internet or the otherwise making available of the protected information of the Individuals Plaintiffs and Covered Persons within the time period required by Daniel's Law.   Thus, Defendants' disclosure or redisclosure or the otherwise making available of the protected information of the Individual Plaintiffs and Covered Persons following the statutory period of ten (10) business days violates Daniel's Law.

59.     Upon information and belief, even as of the date of this filing, Defendants still refuse to fully comply with Daniel's Law and protected information (including home addresses and/or unpublished home telephone numbers) of the Individual Plaintiffs and Covered Persons

continues to be disclosed, re-disclosed or otherwise made available, despite Defendants' receipt of requests for nondisclosure more than ten business days ago.

60.     All of the Covered Persons who sent their nondisclosure requests to Defendants (not including the Individual Plaintiffs, who assert their claims directly in this action) have assigned in writing their claims against Defendants to Atlas. All of the assignments were completed in writing before the date of the filing of the initial Complaint.

61.     Following the entry of a protective order filed in this Court, Plaintiffs will provide under a confidential designation a full and complete list of the following:

    a.   Names of each of the 18,533 assignors referenced in paragraph 28; and

    b.   The factual basis for the person to be considered a "Covered Person" as defined in N.J.S.A. 56:8-166.1(d), that is, a judicial officer, law enforcement officer, child protective investigator in the Division of Child Protection and Permanency, as those terms are identified in N.J.S.A. 47:1A-1.1 or prosecutor and any immediate family member residing in the household of individuals in these categories.

62.     The Individual Plaintiffs and Atlas hereby assert claims against Defendants based on their violation of Daniel's Law and continuing refusal to comply with that law.

## COUNT ONE

### (Daniel's Law)

63.     The allegations of the Complaint set forth above are incorporated herein as if set forth at length.

64.     The Individual Plaintiffs and Covered Persons transmitted notice in writing to Defendants requesting that Defendants cease disclosure of their home address and/or unpublished home telephone number and cease its disclosure or re-disclosure on the Internet or wherever Defendants otherwise made it available.

65.     Defendants had an obligation under Daniel's Law to comply with the request within ten (10) business days.

66.     Upon information and belief, even as of the date of this filing, Defendants still refuse to fully comply with Daniel's Law and protected information (including home addresses and/or unpublished home telephone numbers) of the Individual Plaintiffs and Covered Persons continues to be disclosed, re-disclosed or otherwise made available, despite Defendants' receipt of requests for nondisclosure more than ten (10) business days ago.

67.     Defendants did not cease the disclosure or re-disclosure on the Internet or the otherwise making available of information as required under Daniel's Law, and their failure in doing so each constitutes a separate violation under the law.

68.     Defendants' continued disclosure in violation of Daniel's Law, despite having received notice as required under the statute, constitutes willful or reckless disregard of the law.

69.     As a result of Defendants' failures to comply with Daniel's Law, Plaintiffs have suffered damages, and request that the Court enter all available and appropriate legal and equitable relief.

**WHEREFORE**, Plaintiffs request that Judgment be entered against Defendants as follows:

A.      Ordering that Defendants and the Website immediately comply with Daniel's Law, and cease the disclosure of the Individuals Plaintiffs' and the Covered Persons' names, home addresses, and unpublished home telephone numbers wherever disclosed or re-disclosed on the Internet or otherwise made available;

B.      Awarding actual damages, not less than liquidated damages under Daniel's Law, at "$1,000 for each violation";

C.      Awarding an additional amount in punitive damages, to be determined by the Court, for "willful noncompliance" as allowed under Daniel's Law;

D.      Awarding reasonable attorneys' fees, interest (pre and post judgment) and litigation costs incurred;

E.      Ordering injunctive relief requiring that Defendants comply with Daniel's Law, and remove the Individual Plaintiffs' and the Covered Persons' protected information wherever disclosed;

F.      Entering equitable or other permanent injunctive relief requiring Defendants to comply with Daniel's Law, including the appointment of a qualified independent expert to ensure that Defendants prospectively maintain compliance with Daniel's Law; and

G.      Awarding such other and further relief against Defendants as the Court deems equitable and just.

Respectfully submitted,

Dated: May 21, 2025                    **PEM LAW LLP**
                                       *Attorneys for Plaintiffs*


                                       By: */s/ Rajiv D. Parikh*
                                       Rajiv D. Parikh, Esq.
                                       Victor Andreou, Esq.
                                       Jessica A. Merejo, Esq.
                                       1 Boland Drive, Suite 101
                                       West Orange, New Jersey 07052
                                       Telephone: (973) 577-5500
                                       Email: rparikh@pemlawfirm.com
                                             vandreou@pemlawfirm.com
                                             jmerejo@pemlawfirm.com

## DESIGNATION OF TRIAL COUNSEL

The Court is advised that pursuant to New Jersey Court Rules 4:5-1(c) and 4:25-4,

Rajiv D. Parikh, Esq. is hereby designated as trial counsel for Plaintiffs in this matter.

**PEM LAW LLP**
*Attorneys for Plaintiffs*

Dated: May 21, 2025                                 By: */s/ Rajiv D. Parikh*
                                                              Rajiv D. Parikh, Esq.


## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to R. 4:5-1, it is hereby stated that the matter in controversy between the parties

hereto is not the subject of any other action pending in any other Court or of a pending arbitration

proceeding to the best of my knowledge and belief.  Also, to the best of my knowledge and belief,

no other action or arbitration proceeding between the parties hereto is contemplated.  Further, other

than the parties set forth in this pleading and the previous pleadings, if any, at the present time we

know of no other parties that should be joined in the within action.

**PEM LAW LLP**
*Attorneys for Plaintiffs*

Dated: May 21, 2025                                 By: */s/ Rajiv D. Parikh*
                                                              Rajiv D. Parikh, Esq.


## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

Pursuant to Rule 1:38-7(b), it is hereby stated that all confidential personal identifiers have

been redacted from documents now submitted to the Court and will be redacted from all documents

submitted in the future.

**PEM LAW LLP**
*Attorneys for Plaintiffs*

Dated: May 21, 2025                                 By: */s/ Rajiv D. Parikh*
                                                              Rajiv D. Parikh, Esq.

28

**PEM LAW LLP**
Rajiv D. Parikh, Esq. (032462005)
Victor Andreou, Esq. (295502021)
Jessica A. Merejo, Esq. (288592020)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
Email: rparikh@pemlawfirm.com
         vandreou@pemlawfirm.com
         jmerejo@pemlawfirm.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, <br><br> Plaintiffs, <br><br> v. <br><br> CYBO COMPANY, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – MIDDLESEX COUNTY DOCKET NO.: MID-L-898-24 <br><br> <u>**CIVIL ACTION**</u> <br><br> **ACKNOWLEDGEMENT OF SERVICE UPON DEFENDANT CYBO COMPANY** |

I, Philip N. Yannella, Esq., am an attorney authorized to practice in the State of New Jersey and Partner at Blank Rome LLP, attorneys for Defendant Cybo Company. It is acknowledged that I am authorized to accept service and that I do hereby accept service of the First Amended Complaint, Case Information Statement and Track Assignment in the above-captioned matter on behalf of Defendant Cybo Company, as of the date below.

**BLANK ROME LLP**
*Attorneys for Defendant*
*Cybo Company*

Dated: <u>May 21, 2025</u>   By: _____

           Philip N. Yannella, Esq.
           One Logan Square
           130 North 18th Street
           Philadelphia, PA 19103
           Tel. 215.569.5500
           Fax 215.569.5555
           Email: philip.yannella@blankrome.com

**PEM LAW LLP**
Rajiv D. Parikh, Esq. (032462005)
Victor Andreou, Esq. (295502021)
Jessica A. Merejo, Esq. (288592020)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
Email: rparikh@pemlawfirm.com
         vandreou@pemlawfirm.com
         jmerejo@pemlawfirm.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, <br><br> Plaintiffs, <br> v. <br><br> CYBO COMPANY, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION – MIDDLESEX COUNTY <br> DOCKET NO.: MID-L-898-24 <br><br> <u>**CIVIL ACTION**</u> <br><br> **CONSENT ORDER REINSTATING LITIGATION** |

**THIS MATTER,** having been brought before the Court upon the consent of PEM Law LLP, attorneys for Plaintiffs, and Blank Rome LLP, attorneys for Defendant Cybo Company, for the entry of an order: i) reinstating the above-captioned litigation, ii) acknowledging service of the First Amended Complaint upon Defendant Cybo Company, and iii) setting forth a responsive pleading deadline for Defendant Cybo Company; and the Court having considered the papers submitted; and other good cause having been shown:

**IT IS** on this _____ day of _____, 2025, **ORDERED** as follows:

1. The above-captioned litigation has hereby **REINSTATED**;

1

2. An acknowledgement of service upon Defendant Cybo Company has been agreed to amongst the parties; and

3. Defendant Cybo Company shall respond to Plaintiffs' First Amended Complaint within thirty (30) days from the acknowledgment of service, dated May 21, 2025.

4. A copy of this order shall be served on all counsel of record via eCourts.


_____
Hon. Bruce J. Kaplan, J.S.C.


Upon Consent:


**PEM LAW LLP**
*Attorneys for Plaintiffs*

**BLANK ROME LLP**
*Attorneys for Defendant*
*Cybo Company*


By: */s/ Victor Andreou*
   Rajiv D. Parikh, Esq. (032462005)
   Victor Andreou, Esq. (295502021)
   Jessica A. Merejo, Esq. (288592020)
   1 Boland Drive, Suite 101
   West Orange, New Jersey 07052
   Tel.: (973) 577-5500
   Email: rparikh@pemlawfirm.com
   vandreou@pemlawfirm.com
   jmerejo@pemlawfirm.com

By: */s/ Philip N. Yannella*
   Philip N. Yannella, Esq.
   One Logan Square
   130 North 18th Street
   Philadelphia, PA 19103
   Tel. 215.569.5500
   Fax 215.569.5555
   Email: philip.yannella@blankrome.com


Dated: May 21, 2025

Dated: May 21, 2025


2

**PEM LAW LLP**
Rajiv D. Parikh, Esq. (032462005)
Victor Andreou, Esq. (295502021)
Jessica A. Merejo, Esq. (288592020)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
Email: rparikh@pemlawfirm.com
           vandreou@pemlawfirm.com
           jmerejo@pemlawfirm.com

*Attorneys for Plaintiffs*

|  |  |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – MIDDLESEX COUNTY DOCKET NO.: MID-L-898-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| CYBO COMPANY, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | **CONSENT ORDER REINSTATING LITIGATION** |
| Defendants. | |

FILED

June 4, 2025

HON. BRUCE J. KAPLAN, J.S.C.

**THIS MATTER,** having been brought before the Court upon the consent of PEM Law LLP, attorneys for Plaintiffs, and Blank Rome LLP, attorneys for Defendant Cybo Company, for the entry of an order: i) reinstating the above-captioned litigation, ii) acknowledging service of the First Amended Complaint upon Defendant Cybo Company, and iii) setting forth a responsive pleading deadline for Defendant Cybo Company; and the Court having considered the papers submitted; and other good cause having been shown:

**IT IS** on this 4th day of June 2025,

1. The above-captioned litigation has hereby **REINSTATED**;

1

2. An acknowledgement of service upon Defendant Cybo Company has been agreed to amongst the parties; and

3. Defendant Cybo Company shall respond to Plaintiffs' First Amended Complaint within thirty (30) days from the date of this Order.

4. That a copy of this Order shall be served by Plaintiff by regular and certified mail, return receipt requested, <u>and</u> recognized overnight delivery service (e.g., Fed Ex, UPS, etc.) upon the Defendants at their last known address within seven (7) days of the date hereof.

_____*/S/ Bruce J. Kaplan*_____
Hon. Bruce J. Kaplan, J.S.C.

Upon Consent:

**PEM LAW LLP**
*Attorneys for Plaintiffs*

By: */s/ Victor Andreou*_____
    Rajiv D. Parikh, Esq. (032462005)
    Victor Andreou, Esq. (295502021)
    Jessica A. Merejo, Esq. (288592020)
    1 Boland Drive, Suite 101
    West Orange, New Jersey 07052
    Tel.: (973) 577-5500
    Email: rparikh@pemlawfirm.com
    vandreou@pemlawfirm.com
    jmerejo@pemlawfirm.com

Dated: <u>May 21, 2025</u>

**BLANK ROME LLP**
*Attorneys for Defendant*
*Cybo Company*

By: */s/ Philip N. Yannella*_____
    Philip N. Yannella, Esq.
    One Logan Square
    130 North 18th Street
    Philadelphia, PA 19103
    Tel. 215.569.5500
    Fax 215.569.5555
    Email: philip.yannella@blankrome.com

Dated: <u>May 21, 2025</u>

# EXHIBIT B

# Civil Part Case Summary

**Case Number:** MID L-000898-24

**Case Caption:** Atlas Data Privacy C Orporatio  Vs Allpeople.Com

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Middlesex | **Case Initiation Date:** 02/08/2024 |
| **Case Type:** Other | **Case Status:** Closed | **Jury Demand:** None |
| **Case Track:** 2 | **Judge:** Bruce J Kaplan | **Team:** 3 |
| **Original DED:** | **Current DED:** | **# of DED Extensions:** 0 |
| **Original Arb Date:** | **Current Arb Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Adjournments:** 0 |
| **Disposition Date:** 08/23/2024 | **Case Disposition:** Dismissed Rule 1:13-7 | **Statewide Lien:** |

## Plaintiffs

### Atlas Data Privacy Corporation

| | | |
|---|---|---|
| **Party Description:** Business | **Phone:** | |
| **Address Line 1:** | | |
| **Address Line 2:** | | |
| **City:** | **State:** NJ | **Zip:** 00000 |
| **Attorney Name:** Rajiv D Parikh | | **Attorney Bar ID:** 032462005 |
| **Attorney Email:** RPARIKH@PEMLAWFIRM.COM | | |

### Jane  Doe 1

| | | |
|---|---|---|
| **Party Description:** Individual | **Phone:** | |
| **Address Line 1:** | | |
| **Address Line 2:** | | |
| **City:** | **State:** NJ | **Zip:** 00000 |
| **Attorney Name:** Rajiv D Parikh | | **Attorney Bar ID:** 032462005 |
| **Attorney Email:** RPARIKH@PEMLAWFIRM.COM | | |

### Jane  Doe 2

| | | |
|---|---|---|
| **Party Description:** Individual | **Phone:** | |
| **Address Line 1:** | | |
| **Address Line 2:** | | |
| **City:** | **State:** NJ | **Zip:** 00000 |
| **Attorney Name:** Rajiv D Parikh | | **Attorney Bar ID:** 032462005 |
| **Attorney Email:** RPARIKH@PEMLAWFIRM.COM | | |

### Scott  Maloney

| | | |
|---|---|---|
| **Party Description:** Individual | **Phone:** | |
| **Address Line 1:** | | |
| **Address Line 2:** | | |
| **City:** | **State:** NJ | **Zip:** 00000 |
| **Attorney Name:** Rajiv D Parikh | | **Attorney Bar ID:** 032462005 |
| **Attorney Email:** RPARIKH@PEMLAWFIRM.COM | | |

### Justyna  Maloney

| | | |
|---|---|---|
| **Party Description:** Individual | **Phone:** | |
| **Address Line 1:** | | |
| **Address Line 2:** | | |
| **City:** | **State:** NJ | **Zip:** 00000 |
| **Attorney Name:** Rajiv D Parikh | | **Attorney Bar ID:** 032462005 |
| **Attorney Email:** RPARIKH@PEMLAWFIRM.COM | | |

**Patrick  Colligan**

| | | |
|---|---|---|
| **Party Description:** Individual | **Phone:** | |
| **Address Line 1:** | | |
| **Address Line 2:** | | |
| **City:** | **State:** NJ | **Zip:** 00000 |
| **Attorney Name:** Rajiv D Parikh | | **Attorney Bar ID:** 032462005 |
| **Attorney Email:** RPARIKH@PEMLAWFIRM.COM | | |

**Peter  Andreyev**

| | | |
|---|---|---|
| **Party Description:** Individual | **Phone:** | |
| **Address Line 1:** | | |
| **Address Line 2:** | | |
| **City:** | **State:** NJ | **Zip:** 00000 |
| **Attorney Name:** Rajiv D Parikh | | **Attorney Bar ID:** 032462005 |
| **Attorney Email:** RPARIKH@PEMLAWFIRM.COM | | |

**William  Sullivan**

| | | |
|---|---|---|
| **Party Description:** Individual | **Phone:** | |
| **Address Line 1:** | | |
| **Address Line 2:** | | |
| **City:** | **State:** NJ | **Zip:** 00000 |
| **Attorney Name:** Rajiv D Parikh | | **Attorney Bar ID:** 032462005 |
| **Attorney Email:** RPARIKH@PEMLAWFIRM.COM | | |

**Defendants**

**Abc Companies 1-10**

| | | |
|---|---|---|
| **Party Description:** Fictitious | **Phone:** | |
| **Address Line 1:** | | |
| **Address Line 2:** | | |
| **City:** | **State:** NJ | **Zip:** 00000 |
| **Attorney Name:** | | **Attorney Bar ID:** |
| **Attorney Email:** | | |

**Cybo Company**

| | | |
|---|---|---|
| **Party Description:** Business | **Phone:** | |
| **Address Line 1:** 84451 Greengate Road | | |
| **Address Line 2:** | | |
| **City:** Florence | **State:** OR | **Zip:** 97439 |
| **Attorney Name:** | | **Attorney Bar ID:** |
| **Attorney Email:** | | |

**Allpeople.Com**

| | | |
|---|---|---|
| **Party Description:** Business | **Phone:** | |
| **Address Line 1:** | | |
| **Address Line 2:** | | |
| **City:** | **State:** NJ | **Zip:** 00000 |
| **Attorney Name:** | | **Attorney Bar ID:** |
| **Attorney Email:** | | |

**Richard Roes 1-10**

| | | |
|---|---|---|
| **Party Description:** Fictitious | **Phone:** | |
| **Address Line 1:** | | |

**Address Line 2:**

**City:**                                    **State:** NJ                                    **Zip:** 00000

**Attorney Name:**                                                                    **Attorney Bar ID:**

**Attorney Email:**

**Others**

**Genova Burns Llc**

**Party Description:** Business          **Phone:** (973) 535-7101

**Address Line 1:** 494 Broad St

**Address Line 2:**

**City:** Newark                          **State:** NJ                          **Zip:** 07102

**Attorney Name:**                                                                    **Attorney Bar ID:**

**Attorney Email:**

**Case Proceeding**

| Proceeding Date | Actual Time | Court Room | Judge Name | Proceeding Description | Motion Type | Proceeding Status | Motion Status |
|---|---|---|---|---|---|---|---|
| 12/06/2024 | 09:00 | REMOT | BRUCE J KAPLAN | MOTION HEARING | MOTION TO REINSTATE CASE | COMPLETED | CM |

**Case Actions**

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 02/08/2024 | Complaint for MID-L-000898-24 submitted by PARIKH, RAJIV D, GENOVA BURNS LLC on behalf of ATLAS DATA PRIVACY CORPORATION, JANE DOE 1, JANE DOE 2, SCOTT MALONEY, JUSTYNA MALONEY ET AL. against ALLPEOPLE.COM, RICHARD ROES 1-10, ABC COMPANIES 1-10 | LCV2024360938 | 02/08/2024 |
| 02/09/2024 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV2024361963 | 02/09/2024 |
| 03/20/2024 | ADJOURNMENT REQUEST (MOTION) submitted by PARIKH, RAJIV, D of GENOVA BURNS LLC on behalf of ATLAS DATA PRIVACY CORPORATION, JANE DOE 1, JANE DOE 2, SCOTT MALONEY, JUSTYNA MALONEY ET AL. against ABC COMPANIES 1-10, ALLPEOPLE.COM, RICHARD ROES 1-10 | LCV2024722474 | 03/20/2024 |
| 04/11/2024 | ADJOURNMENT REQUEST (MOTION) submitted by PARIKH, RAJIV, D of PEM LAW LLP on behalf of ATLAS DATA PRIVACY CORPORATION, JANE DOE 1, JANE DOE 2, SCOTT MALONEY, JUSTYNA MALONEY ET AL. against ABC COMPANIES 1-10, ALLPEOPLE.COM, RICHARD ROES 1-10 | LCV2024937823 | 04/11/2024 |
| 04/17/2024 | SUBSTITUTE ATTORNEY submitted by PARIKH, RAJIV, D of PEM LAW LLP on behalf of ATLAS DATA PRIVACY CORPORATION, JANE DOE 1, JANE DOE 2, SCOTT MALONEY, JUSTYNA MALONEY ET AL. against ABC COMPANIES 1-10, ALLPEOPLE.COM, RICHARD ROES 1-10 | LCV2024979266 | 04/17/2024 |
| 06/22/2024 | LACK OF PROSECUTION DISMISSAL WARNING Notice submitted by Case Management | LCV20241573624 | 06/22/2024 |
| 08/26/2024 | LACK OF PROSECUTION DISMISSAL ORDER Notice submitted by Case Management | LCV20242080401 | 08/26/2024 |
| 11/18/2024 | MOTION TO REINSTATE CASE submitted by KRAFT, THOMAS, R of PEM LAW LLP on behalf of ATLAS DATA PRIVACY CORPORATION, JANE DOE 1, JANE DOE 2, SCOTT MALONEY, JUSTYNA MALONEY ET AL. against ABC COMPANIES 1-10, ALLPEOPLE.COM, RICHARD ROES 1-10 | LCV20242998684 | 11/18/2024 |
| 11/18/2024 | The motion filed on 11/18/2024 will be decided on 12/06/2024. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: MOTION TO REINSTATE CASE [LCV20242998684] | LCV20242999343 | 11/18/2024 |
| 12/11/2024 | ORDER TO REINSTATE CASE-Denied by Judge KAPLAN, BRUCE re: MOTION TO REINSTATE CASE [LCV20242998684] | LCV20243177286 | 12/11/2024 |
| 02/24/2025 | GENERAL CORRESPONDENCE submitted by BURNS, JAMES, M of GENOVA BURNS LLC on behalf of GENOVA BURNS LLC against ATLAS DATA PRIVACY CORPORATION | LCV2025439835 | 02/24/2025 |
| 05/21/2025 | AMENDED COMPLAINT submitted by ANDREOU, VICTOR of PEM LAW LLP on behalf of ATLAS DATA PRIVACY CORPORATION, JANE DOE 1, JANE DOE 2, SCOTT MALONEY, JUSTYNA MALONEY ET AL. against ABC COMPANIES 1-10, ALLPEOPLE.COM, RICHARD ROES 1-10, CYBO COMPANY | LCV20251474027 | 05/21/2025 |

| 05/21/2025 | ACKNOWLEDGEMENT OF SERVICE submitted by ANDREOU, VICTOR of PEM LAW LLP on behalf of ATLAS DATA PRIVACY CORPORATION, JANE  DOE 1, JANE  DOE 2, SCOTT  MALONEY, JUSTYNA MALONEY ET AL. against ABC COMPANIES 1-10, GENOVA BURNS LLC, CYBO COMPANY, ALLPEOPLE.COM, RICHARD ROES 1-10 | LCV20251488866 | 05/21/2025 |
| 05/21/2025 | CONSENT ORDER submitted by ANDREOU, VICTOR of PEM LAW LLP on behalf of ATLAS DATA PRIVACY CORPORATION, JANE  DOE 1, JANE  DOE 2, SCOTT  MALONEY, JUSTYNA  MALONEY ET AL. against ABC COMPANIES 1-10, GENOVA BURNS LLC, CYBO COMPANY, ALLPEOPLE.COM, RICHARD ROES 1-10 | LCV20251489295 | 05/21/2025 |
| 06/04/2025 | ORDER TO REINSTATE CASE - Granted by Judge KAPLAN, BRUCE, J re: CONSENT ORDER [LCV20251489295] | LCV20251666130 | 06/04/2025 |

# EXHIBIT C

**BLANK ROME LLP**
*A Pennsylvania LLP*
Stephen M. Orlofsky
New Jersey Resident Partner
Philip N. Yannella
Thomas P. Cialino
300 Carnegie Center, Suite 220
Princeton, NJ 08540
Telephone: (609) 750-2646
Facsimile: (609) 897-7286
Stephen.Orlofsky@BlankRome.com
Philip.Yanella@BlankRome.com
Thomas.Cialino@BlankRome.com
*Attorneys for Defendant, Cybo Company*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MIDDLESEX COUNTY |
| | DOCKET NO.: MID-L-000898-24 |
| Plaintiffs, | |
| v. | |
| CYBO COMPANY, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,* | |
| Defendants. | |

## NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §1441 and §1446, on June 18, 2025, Defendant, Cybo Company, filed a Notice of Removal in the United States District Court for the District of New Jersey. A copy of the Notice of Removal is attached hereto as **Exhibit 1**. This matter is now pending before the United States District Court for the District of New Jersey at Case Number _____.

1

Pursuant to 28 U.S.C. § 1446(d), this Notice is provided to the Superior Court of New Jersey, Middlesex County, to effect removal, and this Court shall proceed no further unless and until the case is remanded.

Dated: June 18, 2025

Respectfully submitted,

*/s/ Stephen M. Orlofsky*
STEPHEN M. ORLOFSKY

**BLANK ROME LLP**
*A Pennsylvania LLP*
Stephen M. Orlofsky
New Jersey Resident Partner
Philip N. Yannella
Thomas P. Cialino
300 Carnegie Center, Suite 220
Princeton, NJ 08540
Telephone: (609) 750-2646
Facsimile: (609) 897-7286
Stephen.Orlofsky@BlankRome.com
Philip.Yanella@BlankRome.com
Gregory.Bailey@BlankRome.com

2

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2025, the foregoing document was filed electronically. Notice of this filing will be sent to the below listed attorneys of record by operation of this Court's electronic filing system. The parties may access this filing through the Court's system. A copy was also served via electronic mail upon the following individuals:

| | |
|---|---|
| **PEM LAW LLP**<br>Rajiv D. Parikh<br>Victor Andreou<br>Jessica A. Merejo<br>1 Boland Drive, Suite 101<br>West Orange, NJ 07052<br>rparikh@pemlawfirm.com<br>vandreou@pemlawfirm.com<br>jmerejo@pemlawfirm.com | *Attorneys for Plaintiffs Atlas Data Privacy Corporation, Jane Doe-1, a law enforcement officer, Jane Doe-2, a law enforcement officer, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan* |

*/s/ Stephen M. Orlofsky*
STEPHEN M. ORLOFSKY