

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

**State of New Jersey**
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
PO Box 45029
Newark, NJ 07101

MATTHEW J. PLATKIN
*Attorney General*

MICHAEL C. WALTERS
*Acting Director*

October 27, 2025

<u>**VIA CM/ECF**</u>
Hon. Harvey Bartle, III, U.S.D.J.
U.S. District Court for the
District of New Jersey (by designation)
c/o United States District Court for the
Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:   *Atlas Data Privacy Corporation, et al. v. AGR Marketing Solutions, LLC*, No. 1:25-cv-12137-HB; *Atlas Data Privacy Corporation, et al. v. Cybo Company, et al.*, No. 1:25-cv-11948-HB; *Atlas Data Privacy Corporation, et al. v. REDX, LLC*, No. 1:25-cv-6863-HB; *Atlas Data Privacy Corporation, et al. v. PublicNSA, LLC*, No. 1:25-cv-05989-HB; *Atlas Data Privacy Corporation, et al. v. True Software Scandinavia AB*, No. 1:25-cv-7650-HB.

Dear Judge Bartle:

    We write on behalf of Matthew J. Platkin, Attorney General of New Jersey, regarding recent motions to dismiss filed by Defendants AGR Marketing Solutions, LLC ("AGR"), Cybo Company, et al. ("Cybo"), REDX, LLC ("REDX"), PublicNSA, LLC ("PublicNSA"), and True Software Scandinavia AB ("True Software") (collectively "Defendants"), raising constitutional challenges to Daniel's Law, N.J.S.A. 47:1A-1, *et seq.*, and N.J.S.A. 56:8-166.1 (collectively, "Daniel's Law") under the First and Fourteenth Amendments and the Communications Decency Act ("CDA") in the following actions:

1.  AGR Marketing Solutions, LLC, *see* ECF 12, No. 25-12137 (D.N.J. Oct. 17, 2025);
2.  Cybo Company, *see* ECF 15, No. 25-11948 (D.N.J. Oct. 16, 2025);
3.  REDX, LLC, *see* ECF 14, No. 25-6863 (D.N.J. Oct. 17, 2025);
4.  PublicNSA, LLC, *see* ECF 15, No. 25-05989 (D.N.J. Oct. 17, 2025); and
5.  True Software Scandanavia AB, *see* ECF 16, No. 25-7650 (D.N.J. Oct. 17, 2025).

    Pursuant to Federal Rule of Civil Procedure 5.1, Defendants were required to give the Attorney General notice regarding their constitutional challenges to Daniel's Law. *See* Fed R. Civ.



124 Halsey Street, Newark, NJ 07101 • TELEPHONE: (973) 648-4441 • FAX: (973) 648-3956
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

October 27, 2025
Page 2

P. 5.1(a) (requiring that, when a party files a "pleading, written motion, or other paper drawing into question the constitutionality of a … state statute," the party "must promptly" both "file a notice of constitutional question" and "serve the notice and paper" on the state attorney general). Defendants did not do so. Because the listed Defendants have filed constitutional challenges questioning Daniel's Law similar to those raised in matters consolidated under *Atlas Data Privacy Corp., v. We Inform, LLC*, No. 24-4037, intervention is appropriate by the Attorney General. Accordingly, the Attorney General requests that the Court permit the Attorney General to intervene in these actions on these constitutional issues. To the extent requested by the Court, the Attorney General is prepared to file a more formal motion for this relief.

Specifically, regarding Defendants' First and Fourteenth Amendment[1] challenges, the Attorney General requests that the Court stay briefing until the Third Circuit has rendered its decision in *Atlas Data Privacy Corp. v. We Inform, LLC*, Nos. 25-1555 through -1578, 25-1580 through -1593, 25-1676, 25-1677 (3d Cir.). Alternatively, should the Court decide these issues, the Attorney General requests that this Court rely on its prior decision in *Atlas Data Privacy Corp. v. We Inform*, 758 F. Supp. 3d 322 (D.N.J. 2024), denying defendants' motion to dismiss on facial First Amendment grounds. *See also* ECF 43, Order, *Atlas Data Privacy Corp. v Delvepoint, LLC*, No. 24-04096 (D.N.J. Dec. 3, 2024) (denying motion to dismiss based, in part, on the Fourteenth Amendment for the same reasons as *We Inform*, 758 F. Supp. 3d 322). Regarding Defendants' constitutional preemption challenge under Section 230 of the CDA, 47 U.S.C. § 230,[2] the Attorney General requests that this Court deny these motions based on its past rulings and briefs submitted by the parties. *See Atlas Data Privacy Corp. v. We Inform, LLC*, No. 24-4037, 2025 WL 2444153, at *1 (D.N.J. Aug. 25, 2025) (denying motion to dismiss based, in part, on Section 230).

We appreciate the Court's consideration of this matter.

Respectfully,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By: _____
Kashif Chand
Assistant Attorney General
Kashif.Chand@law.njoag.gov

---

[1] *See* ECF No. 15, PublicNSA, LLC's Motion to Dismiss, *Atlas Data Privacy Corp., et al., v. PublicNSA, LLC, et al.*, No. 25-05989 (D.N.J. Oct. 17, 2025) ("PublicNSA MTD").

[2] *See* ECF No. 15, PublicNSA MTD, No. 25-05989 (D.N.J. Oct. 17, 2025). True Software Scandinavia AB may also have intended to seek dismissal under Section 230, but the wording of its Notice of Motion to Dismiss is ambiguous. *See* ECF 16, Defendant's Notice of Motion to Dismiss, *Atlas Data Privacy Corp., et al. v. True Software Scandinavia AB*, No. 25-7650 (D.N.J. Oct. 17, 2025) (stating True Software "shall rely" on prior memoranda of law, including the "motion filed under Dkt. 45 in the action captioned as *Atlas Data Privacy Corp. v. We Inform, LLC, et al.*, Case No. 1:24-cv-04037-HB.").